DE ROSS DAILEY, Respondent, *v.* DANIEL H. STOLL, Appellant.

Master and servant — negligence — action under Employers' Liability Act — failure of plaintiff to serve notice of accident as required by statute — when service of notice not waived by master.

In an action brought under the Employers' Liability Act (L. 1910, ch. 352) the plaintiff's notice was not served within one hundred and twenty days after the accident, as is required by section 201. Plaintiff's excuse for delay is that the earlier service of the notice was waived by a statement made by an investigator for a company in which defendant was insured. *Held*, on examination of the facts, that such statement is not binding on defendant. *Held, further*, that plaintiff failed to show that defendant is liable at common law, since the evidence shows that the negligence complained of was the act of fellow-servants for which defendant is not liable.

*Dailey* v. *Stoll*, 152 App. Div. 954, reversed.

(Argued March 30, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 24, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, as far as material, are stated in the opinion.

*Clinton B. Gibbs* for appellant. The action was improperly tried as one within the provisions of the Employers' Liability Act for the reason that notice was not served as required by said act. (L. 1909, ch. 36, § 201.) The fastening of the chain to the bolt, whether done by a superintendent or a fellow-servant of the plaintiff, was a detail of the work, done in the progress of the work, and not an act of superintendence, and was not, therefore, an act for which the defendant is liable. (*Gallagher* v. *Newman*, 190 N. Y. 444; *Guilmartin* v. *Solvay Process Co.*, 189 N. Y. 490; *Capasso* v. *Woolfolk*, 163 N. Y. 472; *Larson* v. *B. H. R. R. Co.*, 134 App.

Div. 679; 202 N. Y. 563; *Droge* v. *Robins Co.*, 132 App. Div. 541; *Lowry* v. *Huntington Co.*, 121 App. Div. 245; 193 N. Y. 629; *Abrahamson* v. *General Supply Co.*, 112 App. Div. 318; *Wesel* v. *Powers Co.*, 147 App. Div. 167.) The defendant, having furnished safe ways, works and machinery, it was not his duty to follow up the details of the work and see that the conditions brought about by the progress of the work are at all times safe. (*Edgar* v. *B. H. R. R. Co.*, 146 App. Div. 541; *Droge* v. *Robins Co.*, 123 App. Div. 537; *McMillan* v. *Minetto Shade Co.*, 134 App. Div. 28; *Nappa* v. *Erie R. R. Co.*, 195 N. Y. 176; *Cregan* v. *Marston*, 126 N. Y. 568; *Hudson* v. *Ocean Steamship Co.*, 110 N. Y. 625; *McCampbell* v. *Cunard S. S. Co.*, 144 N. Y. 552; *Kearney* v. *Hanlien*, 149 App. Div. 524.)

*Irving W. Cole* and *Hamilton Ward* for respondent. Service of the notice required by section 201 of the Labor Law within the time specified in said section was waived by defendant. (*Wolven* v. *Gabler*, 132 App. Div. 45; *Rossiter* v. *Cooper Glue Factory*, 149 App. Div. 757.) The cause of the accident was the negligent failure of defendant to furnish plaintiff with a reasonably safe place to work, and because the place where plaintiff was directed and required by defendant to work at the time he was injured was dangerous. (*McGlenn* v. *Penn. Steel Co.*, 144 App. Div. 343; 205 N. Y. 574; *Yaw* v. *Whitmore*, 46 App. Div. 422; 167 N. Y. 605; *McMahon* v. *McHale*, 174 Mass, 320; *Doherty* v. *Booth*, 200 Mass. 522; *Koehler* v. *New York Steam Co.*, 183 N. Y. 1; *McGuire* v. *Bell Tel. Co.*, 167 N. Y. 208; *Nappa* v. *Erie R. R. Co.*, 155 App. Div. 9; *Greif* v. *Buffalo, L. & R. Ry. Co.*, 205 N. Y. 239; *Williams* v. *Citizen's Steamboat Co. of Troy*, 122 App. Div. 188; *Onesti* v. *Central New England Ry. Co.*, 121 App. Div. 554.)

CARDOZO, J. The plaintiff was employed by the defendant as a machinist's helper. He hurt his hand

while doing his work, and asks damages for the injury. The defendant was assembling in a factory the parts of a large press. There were four bolts or rods running down through the press, each of them about fifteen feet long, and weighing about 1,200 pounds. Three of them were safely adjusted. In the adjustment of the last one the accident occurred. A large nut weighing forty pounds had to be placed on the bolt, which for this purpose was raised about a foot or six inches from the ground. It was raised through a hoist fitted with a chain tackle. The other bolts had been adjusted in the same way. While it was in this position the nut was put in place by the plaintiff and a machinist. The chain slipped because it had been carelessly adjusted around the bolt, and the bolt fell on the plaintiff's hand.

The action is brought under the Employers' Liability Act (L. 1910, ch. 352). Section 201 of that act requires the service of a preliminary notice within 120 days from the accident. The plaintiff's notice was not served until after the expiration of six months. His excuse for the delay is that the earlier service of the notice was waived by the defendant. The first question in the case is whether there is any evidence from which the waiver can be inferred.

The defendant was insured to the extent of $5,000 against liability for accident. Within the period of 120 days, an employee of the insurance company visited the plaintiff to investigate his injuries. The plaintiff says his visitor advised him not to have anything to do with lawyers, and said that he would be notified to come to the office and that the company would settle with him. By the time he received his notice to go to the office the 120 days had gone by. We do not think that this evidence was effective against this defendant to make out a waiver of the statutory notice. The plaintiff had the burden of proving two propositions: *First,* that the visitor, on whose advice he professes to have acted, had

authority to bind the insurance company when advising the plaintiff to postpone his legal remedies; and, *second,* that the insurance company had authority to bind the defendant. Neither proposition was established. The plaintiff's visitor could not bind the insurance company. He was a mere investigator of claims, without power to settle them. The insurance company could not bind the defendant by depriving him of the benefit of a condition on which his statutory liability depended. We find nothing involving an admission of such authority in the conversations between the plaintiff and the defendant's superintendent and bookkeeper. The superintendent and bookkeeper told the plaintiff, in substance, that the defendant would not pay him anything, but that they had no objection if he could get something from the insurance company. This did not make the insurance company an agent to enlarge the defendant's liability. Nor do the terms of the insurance policy supply the requisite authority. The policy states conditions which, if not fulfilled, may work a forfeiture of the insurance. It does not create a relation of agency between the insurer and the insured. We conclude that the court erred in permitting the jury to find that the notice had been waived. The submission of the case under the Employers' Liability Law involved a ruling that the defendant had the burden of proving contributory negligence. The verdict, therefore, cannot stand if the case was not brought within the statute.

Since a new trial must be ordered, we ought also to say that on this record the plaintiff failed in our opinion to show that the defendant was liable at common law. The hoist and chain were safe and proper appliances. They failed to do their work in this case because one of the plaintiff's fellow-workmen had been careless in placing the chain around the bolt. The common task in which the plaintiff and the other workmen had been continuously engaged, some in one branch of it and some in

others, was the assembling of the parts of the press. This task required the bolts to be raised and the nuts to to be placed on them.    The use of the chain to raise the bolts was merely one of the details of the work in its shifting stages of progress.    The position of the bolt suspended by the chain was not one of the permanent conditions characterizing the place in which the work was done.    Permanence in this connection is doubtless a relative term, but it involves a measure of stability which, we think, was lacking here.    Three other bolts had already been adjusted in safety.    As the chain did its work with one, it was placed around another.    The fact that it had been placed around this particular bolt by other workmen, and placed there before the plaintiff began to adjust the nut, did not change his relation to the common task.    (*Hogan* v. *Smith*, 125 N. Y. 774; *McCampbell* v. *Cunard S. S. Co.*, 144 N. Y. 552, 556.)    The negligence was that of his fellow-servants, for which the defendant is not liable.    The following cases are in principle controlling: *Hussey* v. *Coger* (112 N. Y. 614); *Hudson* v. *Ocean S. S. Co.* (110 N. Y. 625); *Butler* v. *Townsend* (126 N. Y. 105, 110); *McCampbell* v. *Cunard S. S. Co.* (144 N. Y. 552); *Dougherty* v. *Milliken* (163 N. Y. 527, 531); *Nappa* v. *Erie R. R. Co.* (195 N. Y. 176); *Edgar* v. *Brooklyn H. R. R. Co.* (146 App. Div. 541); *Kearny* v. *Hanlien* (149 App. Div. 524); *McGinty* v. *Athol Reservoir Co.* (155 Mass. 183, 187).

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, CUDDEBACK, HOGAN and HORNBLOWER, JJ., concur.

Judgment reversed, etc.