(170 App. Div. 168)

BICKLEMEYER v. LACKAWANNA STEEL CO.

(Supreme Court, Appellate Division, Fourth Department.   November 17, 1915.)

1. MASTER AND SERVANT ⬅185—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.
   Plaintiff was employed in relining with brick heavy iron furnace covers, which were placed by a crane on the floor. It was necessary to break off pieces of brick, which were allowed to remain on the floor until cleared away.   The crane operator placed a cover on the floor with one end resting on a brick; it not appearing whether this was intentional or because there was no clear place to lay it.   While plaintiff was working at it, the crane operator attempted to lay down another cover, and permitted or caused it to swing against the one on which plaintiff was working, causing it to move so as to crush the brick and injure plaintiff. He alleged negligence in placing the cover upon a brick inadequate to support it, rendering the place of work unsafe.   The court submitted negligence in placing the cover with one end on the brick, and in so operating the business as to allow the crane to swing another cover against

the one in question, but further charged that there could be no recovery if the accident was caused solely by the carelessness of the crane operator; that there was no evidence of any negligent act of superintendence, and that, if the placing of the cover on the brick and the handling of the crane were details of the work, there could be no recovery. *Held*, that the negligence proved was that of fellow servants, and the placing of the covers and the relining of them were details of the work, and under the law of the case, as stated in the instructions, there was no question to submit to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. ☞185.]

2. MASTER AND SERVANT ☞265—ACTIONS FOR INJURIES—EVIDENCE OF NEGLI-GENCE.

The maxim of "res ipsa loquitur" was not applicable to the facts.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ☞265.]

Appeal from Trial Term, Erie County.

Action by Frank Bicklemeyer against the Lackawanna Steel Company. From a judgment in favor of plaintiff for $1,776.06 damages and costs upon the verdict of a jury, and from an order denying defendant's motion to set aside the verdict and for a new trial on the minutes of the court, defendant appeals. Reversed, and new trial ordered.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Evan Hollister, of Buffalo (Rogers, Locke & Babcock, of Buffalo, of counsel), for appellant.

W. H. Ticknor, of Buffalo (Ticknor, Pierce & Pomeroy, of Buffalo, of counsel), for respondent.

PER CURIAM. This appeal presents the question as to whether a case was made for submission to the jury on the ground of negligence alleged in the complaint and in view of the law of the case as charged by the court.

[1] Plaintiff was an employé of defendant as a mason and bricklayer. Among his duties was that of relining with brick iron furnace covers. These covers were eight or nine feet long by six feet wide and about twenty inches in height and weighed from six to nine tons. They were used to cover the top of large furnaces when in blast. The brick lining of these covers frequently burned out and had to be replaced with new fire bricks. The top of the furnaces was on the same level as the second floor of the mill, and the method employed was to lift the cover from the top of the furnace by means of an electrically operated crane propelled along a track on the second floor of the mill. The operator of the crane then laid the cover down bottom side up at some convenient place on the floor to be relined by plaintiff and one or two other bricklayers who worked with him. This floor was made of sheets of steel resting upon steel beams. In the process of relining these covers it was necessary to break off pieces of the bricks, which were allowed to fall on the floor and remain there

until cleared away. How often they were cleared away, or by whom, does not clearly appear.

The cover which plaintiff was engaged in relining at the time he was injured had been laid down upon the floor by the crane operator, with one end resting upon one or more pieces of brick. Whether this was done intentionally, to facilitate placing a chain under the cover when it was ready to be raised, or whether there was no such intention, but the bricks had accumulated on the floor and had not been removed to make a clear place to place the cover, does not appear. Plaintiff at the time of his injury was standing at the end of the cover which rested on the brick, engaged in his work of relining it. After he had worked 10 or 15 minutes the crane operator brought over another cover and attempted to lay it down on the floor near the cover on which plaintiff was working; but he permitted or caused it to swing against and strike the cover on which plaintiff was working in such a way as to move it toward plaintiff, crushing the brick on which its end rested, and injuring plaintiff's foot, which projected partly under the end of the cover. Plaintiff had previously relined another cover near by, and had then been directed by his foreman to reline the cover on which he was injured.

The negligence alleged in the complaint is the placing of this cover upon a brick wholly inadequate to support it, rendering the place where plaintiff was to do his work unsafe. The ground of negligence left to the jury, as stated in the charge, is as follows:

"It is the plaintiff's claim that this cover was placed on the floor with one end of the same on a brick; * * * that while this cover was upon the brick * * * he was directed to undertake to lay brick upon the same, and in doing so he did have his foot placed under the cover. It is his claim that he had no reason to believe that the conditions were such that he was in danger at that time; that, if the condition had remained as it was when he first put his foot there, he was in a safe condition, but that the defendant operated its business in such a way that it allowed the crane to raise a cover and swing it around in such a way as to strike the cover upon which the plaintiff was at work; that moved the cover, and it being of such great weight it crushed the brick and caused the cover to come down upon his foot, and that caused his injury."

At the request of defendant's counsel the court charged, in substance, that there could be no recovery if the jury find the accident occurred solely by reason of the carelessness of the crane operator causing the cover that he was handling to strike the cover that the plaintiff had his toe under; also that there was no evidence of any negligent act of superintendence; also that, if the jury found that the placing of this cover on this brick and the handling of the crane as they did while it was thus placed were details of the work, then there could be no recovery.

Under the law of the case as thus laid down by the court, we think there was no question for submission to the jury. While the action was brought under the Employers' Liability Act, there was no proof of any defect in the ways, works, machinery, or plant, or of any negligent act of superintendence, to make that act applicable to the case. If it was negligence to lay down this cover with one end resting upon

a brick, it was the negligence of a coemployé so far as appears. At least it does not appear that any foreman or superintendent was concerned in this act, nor does it appear that the weight of the cover would have crushed the brick, if it had not been struck and moved by the other cover.

It was the law of the case as charged by the court that the crane operator was a coemployé with the plaintiff, and that the negligence of the crane operator would not render the defendant liable. It does not appear that the crane operator moved the cover, which struck the cover on which plaintiff was working, under the supervision of any superintendent or foreman controlling his action, and so far as appears the moving and placing of these covers upon the floor and the relining of them by the plaintiff and his coemployés, was a part of the detail of the work. The negligence proved was that of plaintiff's fellow servants.

It follows that on the evidence presented the trial court should have dismissed the complaint. Edgar v. Brooklyn Heights R. R. Co., 146 App. Div. 541, 131 N. Y. Supp. 286; Dailey v. Stoll, 211 N. Y. 74, 105 N. E. 87.

[2] Respondent urges that the recovery can be supported under the doctrine of the maxim "res ipsa loquitur." We think this doctrine is not applicable.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

All concur; KRUSE, P. J., and MERRELL, J., in result only.

KRUSE, P. J. I concur in the result. While the evidence is not very satisfactory, I think it is sufficient to submit the question to the jury as to whether the method of carrying forward the work was reasonably safe. Pepe v. Utica Pipe Foundry Co., 132 App. Div. 458, 116 N. Y. Supp. 921; Banchetti v. Gorsline & Swan Const. Co., 152 App. Div. 275, 136 N. Y. Supp. 589.

The plaintiff had nothing to do with moving about these covers. His work was relining them after they had been placed for that purpose. He was set at work doing that by the foreman, and then, so far as appears, the foreman took no precaution to see that he was warned against dangers from the operation of the crane. Nor does it appear that any rules were made for operating the crane and giving warning, or that other like precautions were taken to guard against accidents of this kind.

The difficulty in the case is, as I view it, that it was not submitted to the jury upon that theory, and that the verdict rests upon an untenable ground.

I therefore concur for reversal.