## No. 9492.

### BUTLER v. MARSH, ET AL.

1. PRINCIPAL AND AGENT—*Implied Authority of Agent.* The settlement of a disputed account is not within the apparent authority of a mere collector; and still less of a mere salesman.

2. *Apparent Authority of Agent,* is conferred only by the action of the principal.

3. *Presumption as to Agent's Authority. The opinion in National Surety Company v. The People* 54 Colo. 365, is not authority for the proposition that one dealing with a special agent, e. g., a salesman, may take it for granted that whatever the agent assumes to do is within his authority.

The evidence examined and held to sustain the finding below.

*Error to El Paso District Court, Hon. J. W. Sheafor, Judge.*

*Department Two.*

Mr. GRANBY HILLYER, Mr. D. B. KINKAID, for plaintiff in error.

Mr. R. L. CHAMBERS, for defendants in error.

Opinion by Mr. Justice Denison.

THE plaintiff in error moves for a supersedeas. Supersedeas denied, and judgment affirmed.

The suit was for $290, the balance of an account between the plaintiffs (defendants in error), Marsh and Underhill, and the defendant (plaintiff in error), Butler. The account ended December 16th, 1916.

The defense was that in January, 1917, the defendant had a settlement and adjustment with plaintiffs, through their traveling salesman, one LeBarre, and paid the plaintiffs three hundred and five dollars in full settlement, and that the salesman knocked off the amount sued for, two hundred and ninety dollars.

The reply denied the adjustment and at the trial plaintiffs sought to avoid it by evidence that the sales agent had no authority to settle and adjust.

The court, as shown in the bill of exceptions, expressed the opinion that the agent did make an adjustment, but that he had no authority to do so. In the formal findings, however, made on the 5th day of July, 1918, and shown in the record, the court finds the issues for the plaintiff generally.

After motion for new trial was overruled, judgment was entered, September 3rd, 1918, for the plaintiff.

1. It is claimed by the plaintiff in error that the acts of the agent within the apparent scope of his authority will be considered to be the acts of the principal.

It does not appear to have been within the apparent scope of the authority of LeBarre to adjust an account or allow a credit. The evidence is that he was a traveling salesman who sometimes collected money. Settlement and adjustment is not within the apparent scope of the authority of a collector. (2 Corp. Jur., 634, § 277; *Torbit v. Heath,* 11 Colo. App. 494, 53 Pac. 615; *Tootle v. Cook,* 4 Colo. App. 111, 116, 35 Pac. 193.) Still less of a salesman. (*Burlock v. Cross,* 16 Colo. App. 162, 26 Pac. 142.)

2. It is claimed by the plaintiff in error that the plaintiffs, by their conduct, had given LeBarre apparent authority to adjust and compromise and allow credits. This is determined against the defendant in error by the finding of the court; and we think the evidence would justify no other finding. The evidence on the part of the plaintiff was that they authorized the agent to submit to them claims of credit made by their customers; and that, when such claims were

submitted, they either allowed or rejected them; and there is no evidence in the record that they did otherwise in their dealings with the defendant, or any one else. Acts of the principal, not of the agent, give apparent authority. 2 Corp. J., 574, § 214. *Gauthier Dec. Co. v. Ham*, 3 Colo. App. 559, 34 Pac. 484.

3. It is claimed that the burden was upon the plaintiffs to show that the defendant knew that the agent had no authority to adjust. It is possible that such a ruling might be correct, if it appeared that there was a general agency, or that adjustment was within the apparent scope of the authority of the agent; but we are not called upon to determine that point, because there was no such agency or apparent authority.

4. It is claimed that the power of a general agent can no be restricted by secret instructions. If there were a general agency or if adjustment were within the apparent scope of the authority, it is elementary that secret instructions could have no force against the defendant, unless they were known to him. But such is not the case presented by the record.

5. It is urged that one known to be an agent is presumed to be acting within the scope of his authority, and *National Surety Co. v. People*, 54 Colo. 365, 130 Pac. 843, is cited. That case does not hold, and we think no case holds that one dealing with a special agent (e. g. salesman) may presume that whatever such agent assumes to do is within his authority. To so hold would abolish special agency. *Mechanics Bank v. N. Y., etc., R. Co.*, 13 N. Y. 599, 633.

The judgment should be affirmed.

Judgment affirmed.