BENJAMIN PITOFF, Respondent, *v.* WESTINGHOUSE, CHURCH, KERR & Co., INC., Appellant.

Negligence — carpenter injured while putting in window sills in building by plank thrown from window of floor above by laborers engaged in clearing up that floor — erroneous refusal of trial court to charge that if plaintiff's injury was caused by negligent act of fellow-servants clearing up second floor he cannot recover.

Plaintiff, a carpenter, while at work putting in window sills on the first floor of a building in process of construction, standing inside the building, holding a sill with one hand and using a hammer with the other, was struck on the hand by a heavy plank thrown out of a

window of the floor above by laborers engaged in clearing up such floor. There is evidence that if the laborers had cleared the second floor in the usual and customary way instead of dropping it alongside the building they would have thrown the rubbish so far out of the second-story windows that the plank would not have struck any one working on the floor below. The trial court in substance instructed the jury to determine whether, if the foreman ordered the laborers to clear out the second floor, he was bound to anticipate that, under the circumstances, a board thrown from above would strike the plaintiff on the hand and if they so found then he was bound to adopt all suitable precautions to protect the men working below. Defendant requested the court to charge that " if the jury come to the conclusion that the accident was due to the negligence of the men throwing timber from the floor above, those men being fellow-servants of the plaintiff, and if that is the negligence charged the plaintiff is not entitled to recover." *Held,* that the refusal of the court to so charge was error. If the laborers, being fellow-servants, were negligent and this was the sole cause of the injury the plaintiff cannot recover. If they were not negligent, but were throwing out the rubbish in the usual way, and the foreman had reason to anticipate the danger to plaintiff, then the defendant might have been liable.

*Pitoff* v. *Westinghouse, Church, Kerr & Co.,* 196 App. Div. 933, reversed.

(Argued October 12, 1922; decided October 24, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 18, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*E. C. Sherwood, Clarence S. Zipp* and *Benjamin C. Loder* for appellant. The court erred in refusing to charge the jury that the defendant was not liable for the negligence of the men who threw the timber, if the jury came to the conclusion that the accident was due to their negligence. (*Crispin* v. *Babbitt,* 81 N. Y. 516; *Dailey* v. *Stoll,* 211 N. Y. 74.)

*Henry Pearlman* and *Louis N. Jaffe* for respondent. The defendant is liable for the negligent act of the foreman in failing to exercise reasonable care for the pro-

tection of the plaintiff. (*Biondolillo* v. *Erie R. R. Co.*, 215 N. Y. 330; *McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 280; *Blanchard* v. *D., L. & W. R. R. Co.*, 211 N. Y. 79; *Mahoney* v. *Cayuga Lake Cement Co.*, 208 N. Y. 164; *Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 N. Y. 368; *Tendrup* v. *Stephenson Co.*, 121 N. Y. 681; *Kranz* v. *Long Island Ry. Co.*, 123 N. Y. 1.)

CRANE, J.  Westinghouse, Church, Kerr & Co., Inc., was a New Jersey corporation engaged at the time here in question in erecting barracks at Newport News, Virginia.  The plaintiff, a resident of the city and state of New York, was engaged as a carpenter to work for the defendant in the construction of the buildings.

On the morning of October 13, 1917, while the plaintiff was at work upon the window sill of one of the buildings in the process of construction, he was injured by some material which was thrown from above, striking him on the hand.  He brought this action at common law to recover damages for his personal injuries, claiming that the defendant failed to provide him with a safe and secure place to work.  The plaintiff has recovered a small judgment which after being unanimously affirmed has been brought to this court by leave granted, the defendant presenting certain errors which it deems so substantial as to warrant a review by this court and a reversal of the judgment.

During the thirteen days that the plaintiff was at Newport News he had been working on window sills. The barracks were buildings of two stories.  On the day that the plaintiff was hurt, the foreman, William C. Mayhew, having put the plaintiff to work at window sills on the first floor inside the barrack building, told other laborers to go to the floor above and clean out the place.  While the plaintiff was fitting in the window sills, nailing them up, holding the window sill with one hand and using a hammer with the other, he was hit

on the hand by a wooden beam which the laborers had thrown out of the window on the second floor. This floor had just been completed and the laborers, sent upstairs by Mayhew, were getting it ready for inspection. To clean out meant to throw out the rubbish and sweep up. In compliance with these directions the laborers threw out of the window two planks spiked together, measuring four by eight. In coming down these planks fell on plaintiff's hand. There were a number of these barrack buildings and the way such work was generally done was told by Mayhew, called as a witness on behalf of the plaintiff.

" Q. They didn't throw it out, did they? A. If they had thrown it out, they would have cleared the building. As a matter of form, when they are throwing lumber out of the window, they are supposed to throw it clear of the building.

" Q. And that is the ordinary way it is thrown out? A. Yes, sir.

" Q. Those pieces of board are tossed out of the window, and they land some two feet away from the window, don't they, on the ground? A. Yes, sir.

" Q. And that is the ordinary way of doing it? A. Yes, sir.

" Q. Had you noticed the manner in which they threw them out of the other building, the one they had worked on previously? A. Yes, they had thrown them clean of the building.

" Q. In other words, they took the lumber and threw it out of the window, so that it landed some distance away from the window? A. Yes.

" Q. And that was the way you expected them to do it in this case, is that right? A. Yes, sir."

If these laborers had cleaned out the upper floor in the ordinary and customary way, they would have thrown the rubbish so far out of the window that it would not have struck anybody working on the floor

below. The plaintiff was not working on the outside of the building. He was inside of the building with his hand on the window sill. The beam which struck him was not thrown out in the customary way. It was dropped alongside of the building.

" Q. Now, in throwing the lumber out of the building, they didn't just drop it alongside of the building, did they?   A. Positively they did."

The upper floor could have been cleaned out in perfect safety while the carpenters were working on the floor below. Material thrown out of the window away from the building could not possibly hit those working on the inside of the building on the first floor. At least the foreman had no reason to anticipate that timber thrown out of the second story window would strike the plaintiff's hand on the window sill of the floor below. The reason that he would not anticipate such an injury was that such timber had always been thrown away from the building. In other words, the rubbish had been thrown out, not dropped down. The judge in his charge to the jury said this: " If Mayhew did give these men orders to throw boards, and so forth, out of the upper windows to the ground, and if Mayhew also directed this plaintiff to finish these window sills by doing the work that he was doing at the time he was injured, which work necessitated his working under the cleaners above, and necessitated his putting his hands out over the sill, it is for you to say whether or not, from the conditions that existed there, Mayhew was bound to anticipate that a board thrown from above was likely to fall on the plaintiff. If he was bound to so anticipate any such possibility, then he was bound to adopt all suitable precautions to protect the men working below."

At the conclusion of the charge, the defendant's counsel made the following request: " I ask your Honor further to charge that, if the jury come to the conclusion that the accident was due to the negligence of the men throwing the

timber from the floor above, those men being fellow servants of the plaintiff, and if that is the negligence charged, the plaintiff is not entitled to recover." This request the court declined to charge and the defendant excepted.

That the laborers working on the floor above were fellow-servants of the plaintiff there can be no doubt. That their negligence alone might have caused the accident can be gathered from the testimony quoted above. If their negligence were the sole cause of the accident, the defendant would not be liable. (*Crispin* v. *Babbitt*, 81 N. Y. 516; *Dailey* v. *Stoll*, 211 N. Y. 74.) The charge should have been made as requested. It was fatal to one side or the other. If the laborers were negligent and this was the sole cause of the injury, the plaintiff could not recover. If they were not negligent but were throwing out the rubbish in the usual way, and the foreman had reason to anticipate the danger to the plaintiff, then the defendant might have been liable.

The judgment, therefore, must be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment reversed, etc.