## No. 11,990.

### London Guarantee and Accident Company *v.* Industrial Commission, et al.

Decided January 16, 1928.

Proceeding under the Workmen's Compensation Act. Judgment for claimant.

### *Reversed.*

1.  Workmen's Compensation—*Notice of Contest—Defense.* A rule of the Industrial Commission that an employer shall not be permitted to introduce evidence if he fails to file notice of contest of a claim, does not bar him from making any defense possible without evidence on his part.

2.  *Notice of Claim—Limitation.* An employe who fails to file notice of his claim for compensation within six months after the injury under the provisions of c. 201, S. L. '23, is barred from recovery.

3.  *Agency—Physician.* An employer is not estopped to contest a claim for compensation because a physician to whom the employe was sent for examination and treatment told him that he might await advices from the commission before taking any steps to assert his claim, there being no showing that the physician had authority to make the statement.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Mr. William E. Hutton, Mr. J. P. Nordlund, for plaintiffs in error.

Mr. George W. Lerg, Mr. Howard T. Fisk, Mr. William L. Boatright, Attorney General, for defendants in error.

*Department One.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

THE commission overruled their referee and awarded compensation to one Palmos for hernia. The district court affirmed the award and the insurer brings error.

The claim for reversal is based on two points: (1) That Palmos did not suffer accidental hernia, and: (2) that he did not file his claim within six months after the alleged accident. The accident occurred June 11, 1926. No claim for compensation was filed till February 2, 1927.

It is argued that the plaintiff in error had no right to defend against the claim because it did not file notice of contest under the commission's rule VIII. Whether the commission has the power thus to limit the right of defence we need not decide because said rule merely provides that the employer who fails to file such notice shall "not be permitted to introduce any evidence." It does not bar him from making any defence possible without evidence on his part. *Industrial Com. v. Hover,* 82 Colo. 335, 259 Pac. 509, 511, 512.

The plaintiff in error says that the claimant is barred by the statute, C. L. sec. 4458, as amended in S. L. 1923, c. 201: "The right to compensation and benefits, as provided by this act shall be barred unless within six months after the injury * * * a notice claiming compensation shall be filed with the commission." This is conclusive against the claimant. We have no right to disregard it. *Industrial Com. v. Hover, supra.*

Palmos asserts, however, that he was misled by statements of one Dr. Krohn, a physician to whom he was sent by the employer's foreman for examination and treatment for his hernia, which led him to believe that he might await advices from the commission before he took any step to assert his claim. The commission found, apparently on the theory of estoppel, that Dr. Krohn was the employer's agent and that the latter was bound by

his statements; there was no evidence, however, or claim that the claimant was sent to the physician for any purpose but medical and surgical treatment, or that Dr. Krohn had any authority or had ever been employed for any other purpose. To say, therefore, that he was empowered to give advice as to legal procedure which would bind the plaintiff in error, passes the limits of any rule of agency. *Schramm v. Liebenberg,* 42 Colo. 516, 94 Pac. 345; *Butler v. Marsh,* 66 Colo. 45, 178 Pac. 569; *Sigel-Campion Co. v. Ardohain,* 71 Colo. 410, 207 Pac. 82.

We seriously doubt the sufficiency of the evidence. It is most unsatisfactory, but in view of the above we need not consider it.

Judgment reversed with directions to set aside the commission's award and direct the disallowance of the claim.

MR. JUSTICE WHITFORD, MR. JUSTICE SHEAFOR and MR. JUSTICE ADAMS concur.