## Leziac v. Buckeye Coal Co.

■■■■■■■■■■■■■■■■

*J. E. Horewitz, Paul E. Stein* and *Ralph H. Behney,* for claimants.

*Shelby, Ray & Coldren,* for defendants.

CARR, J., July 13, 1943.—This is an appeal from an award made by the Workmen's Compensation Board on a claim not filed within the statutory period of limitation. The employer's plea that the claim was barred was rejected on the ground that "the company doctor . . . by his action and conduct led claimant to understand and believe that he was going to be taken care of . . ." and that thereby he "was lulled into a period of inactivity and thus prevented from bringing his claim before the compensation authorities within a year from the date of the accident." The question for our determination is whether there are basic facts in evidence sufficient to warrant the conclusion that the employer was estopped from pleading the bar of the statute.

Claimant, Ray Leziac, was employed by the Buckeye Coal Company as a driller in its mine at Nemacolin. On November 8, 1940, at about six p.m., a jack-hammer he was using became wedged in the solid coal, and in attempting to pull it free he gave it a hard jerk. Immediately thereafter he felt a severe pain and a "lump" in the right groin, and had to sit down. After resting for about fifteen minutes, he resumed work and continued for about three quarters of an hour, until he was through for the day. On instructions of the night boss, to whom he reported his injury at the time of leaving the mine, he went the next morning to the office

of Dr. Yoder, the company physician, who examined him, informed him that he had a rupture, and sent him for further examination to Dr. Robinson, at Uniontown. Dr. Robinson, finding a dilated ring, with slight impulse on coughing but no definite hernia, wrote out a report and gave it to him to take back to Dr. Yoder. Claimant testified that, upon reading Dr. Robinson's report, Dr. Yoder said to him, "If anything happens to you why you come around and you get operated"; three weeks later he consulted another physician who advised the use of a truss, but as it did not give relief he returned to Dr. Yoder, who examined him a second time, again informed him that he had a rupture, and said, "I am going to see compensation company"; after waiting two months, he asked Dr. Yoder whether he had found out anything, to which the doctor replied that he had not and told him to come back later; when another month and a half had elapsed, Dr. Yoder said to him, "I am going to see compensation company myself"; and finally, nine days after Christmas 1941, when he last saw Dr. Yoder, the doctor stated, "I am sorry. Compensation company have nothing to do. One year past." These are the circumstances that form the basis for the estoppel found by the compensation authorities.

When asked at the referee's hearing why he had not filed his claim for compensation sooner, claimant answered, "Well, I don't know anything about it. He [Dr. Yoder] told me I am rupture first time. Why don't they work on me? I don't know the law. When they sent me Dr. Robinson they should get right away operation."

Application of the principle of estoppel in cases of this kind as a ground for suspension of the period of limitation requires a representation, or conduct amounting to a representation, that litigation is unnecessary or may safely be postponed. In the absence

of an explicit assurance that delay will not be prejudicial, some misleading conduct on the part of the employer creating that impression must be shown: see Dawson, Estoppel and Statutes of Limitation, 34 Mich. L. Rev. 1. Thus, in Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38, relied on by claimant, the proof was that the employer on two occasions promised to see that the injured employe received compensation, and each time coupled the promise with a virtual condition that the employe should not file a petition for compensation.

In the present case, however, satisfactory evidence is lacking that any positive assurance of an amicable settlement was held out to claimant. There was no reference to legal proceedings or any intimation that a claim should not be filed. No representation was made that the employer admitted liability. Dr. Yoder's statement that "If anything happen to you, why you come around and you get operated" implied an opinion on his part that nothing had yet happened to indicate an operation. The question whether an operation would be needed was left to future determination. Moreover, when claimant returned a few weeks later, Dr. Yoder made it clear that he would have to see the insurance carrier. Even if previously claimant believed he had been definitely promised an operation, he must then have known that approval would have to be obtained, and thereafter he repeatedly inquired whether the doctor had learned anything. In his testimony before the referee he did not say that he had put off the filing of his claim because of any favorable prospect of settlement. His complaint was that he had been unable to get any satisfaction at all.

But whatever expectations may have been aroused by the apparent interest of Dr. Yoder, we must point out that there is no evidence that claimant was sent to Dr. Yoder for any purpose other than immediate medi-

cal and surgical treatment. The board's assumption that the doctor was an agent of the employer in matters involving its liability for compensation is entirely erroneous: Twonko v. Rome Brass & Copper Co. et al., 224 N. Y. 263, 120 N. E. 638; London Guarantee & Accident Co., Ltd., et al. v. Industrial Commission of Colorado et al., 83 Colo. 252, 263 Pac. 405. Nor was any relation of agency established between the employer and the insurance carrier whereby deceptive conduct of the former could bind the latter by depriving it of the benefit of a condition on which its statutory liability depended: Dailey v. Stoll, 211 N. Y. 74, 105 N. E. 87.

We conclude for these reasons that the award cannot stand. In this view of the case, the sufficiency of the evidence of compensable hernia need not be considered.

### Order

And now, July 13, 1943, appellant's exceptions nos. 2, 3, and 5 are sustained, the decision and award of the board reversed, and judgment in favor of defendant and against claimant is hereby entered.