## No. 18,273.

INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.* NEWTON LUMBER & MANUFACTURING COMPANY, ET AL.

(314 P. [2d] 297)

Decided August 5, 1957. Rehearing denied August 26, 1957.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiffs in error.

Mr. DUANE O. LITTELL, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFFS in error seek reversal of a judgment of the Denver District Court vacating an award of the Industrial Commission in a proceeding arising under the Workmen's Compensation Act of Colorado, C.R.S. '53, 81-1-1, et seq.

We will refer to the Industrial Commission as the "Commission"; to Joseph H. McColm as "Claimant"; defendant in error Newton Lumber Company as "Employer," and the insurance carrier, Ocean Accident and Guarantee Company, Ltd., as "Insuror."

Claimant, a carpenter, was employed by Employer in its cabinet shop as a millman. On July 16, 1954, he sustained an accidental injury caused by twisting his back while lifting a table top and moving it from one side of a planer to the other. This accidental injury was reported by Employer to be a "ruptured disk in back bone." Claimant reported the accident to Employer's foreman on Friday, the day it was sustained. The following Sunday Claimant's wife called this foreman, a Mr. Kennett, and advised him that Claimant would not be to work on Monday. Claimant went to a hospital and Mr. Kennett knew he was there and visited him while he was hospitalized. The Employer's report of the accident stated that it occurred on July 16, 1954.

Claimant was hospitalized from August 7 to August 15 during which time he was under traction. He returned to the hospital on August 23, 1954, to undergo corrective surgery on his spine and was released September 7, 1954. A week later he reported for work but was not reemployed by Employer, and during the first week of October obtained work elsewhere.

Claim for compensation was filed by Claimant on May 6, 1955, following Employer's report of the accident to the Industrial Commission on November 3, 1954. The Insurance Carrier filed its denial of liability on November 16, 1954. A notice from the Industrial Commission to Claimant advising him of the denial of liability did not reach Claimant because of an incorrect address given the Commission by the Employer.

A hearing on the claim was held May 23, 1955. On September 22, 1955, the Referee of the Commission entered Findings of Fact and ordered compensation paid to Claimant for temporary disability from July 17, 1954, to September 12, 1954, plus medical expenses. This award was approved by the Commission on October 31, 1955.

The Employer and Insuror petitioned for a review and on November 15, 1955, the Commission entered a supplemental award in which it affirmed and approved the award of October 31, 1955, whereupon the Employer and Insuror sought review in the Denver district court alleging that Claimant did not file his claim for compensation within six months after the accidental injury, and that there was a lack of evidence to support the findings of the Commission as to a "disc" injury, as well as to medical expense and as to the time Claimant was prevented from working due to the accident. Issue was joined and upon hearing the district court remanded the case to the Commission for additional findings with respect to the application of the six months statute of limitations. Thereupon the following supplemental findings were made by the Commission:

"Pursuant to Order of the District Court of August 24, 1956, wherein the Court ordered the Industrial Commission 'to forthwith make a finding of fact as to upon what fact is based the opinion that the Statute of limitations for filing of claims before the Industrial Commission does not apply in this case,

"The Commission in its Supplemental Order of June 18, 1956, found that claimant had a reasonable excuse for

failure to file his claim within six months of the date of injury. Our reasons for this conclusion are that claimant reported his injury to his foreman on the day of its occurrence as shown by claimant's testimony and respondents' first report of accident. However, the employer did not report the incident to this Commission until November 3, 1954, and respondent insurance carrier did not file its notice of contest until November 18, 1954. Therefore, this Commission did not notify claimant of the necessity of filing a claim for compensation benefits until November 23, 1954. Within six months of that notification, claimant filed his claim for benefits.

"The Commission also finds that 'the employer's rights have not been prejudiced' by this delay, for the reason that this claimant promptly placed himself under the care of a physician whose identity was known to the employer, who was at liberty at any time to have selected another physician to treat the claimant if it had chosen and it was not shown that the medical services rendered were in any way inadequate. On the contrary, this claimant was temporarily and totally disabled a comparatively short period of time and resumed work without residual disability.

"Therefore, reiterate that it has been established to the satisfaction of the Commission * * * that a reasonable excuse exists' for claimant's failure to file claim within six months.

"IN WITNESS WHEREOF, the Industrial Commission of Colorado has caused these presents to be duly executed this 24th day of September, A.D. 1956."

Thereafter the trial court vacated the award of the Commission and claimant seeks review by this writ of error.

Two questions are presented for our determination: (1) Did the Commission properly excuse Claimant's failure to file his claim within six months following his injury pursuant to C.R.S. '53, 81-13-5, and (2) Does the

evidence support the finding of fact made by the Commission?

▮ These questions must be answered in the affirmative. C.R.S. '53, 81-13-5, governs the Commission in considering claims filed more than six months from date of injury. The pertinent portion of this statute is as follows:

" \* \* \* The right to compensation and benefits, as provided by this chapter, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the Commission. This limitation shall not apply to any claimant to whom compensation has been paid, *or where it is established to the satisfaction of the Commission within two years after the injury or death, that a reasonable excuse exists for the failure to file such notice claiming compensation, and the employer's rights have not been prejudiced thereby,* and the furnishing of medical, surgical or hospital treatment by the employer shall not be considered payment of compensation or benefits within the meaning of this section." (Emphasis supplied.)

This statute vests a broad discretion in the Commission in determining what constitutes a reasonable excuse for the delayed filing of a claim.

Let us look at the facts in detail: Claimant suffered a disabling injury to his back on July 16, 1954. On the day of the injury he reported it to his foreman and sought medical service on July 18, 1954. The employer did not report the accident to the Commission until November 3, 1954. Its insuror denied liability on November 16, 1954. In its report an incorrect address was given by the Employer for Claimant, hence the Commission's notice to Claimant, enclosing claim forms did not reach him. Consequently he was not made aware of the necessity of filing a claim for compensation until after he had retained counsel who secured the proper forms and promptly prepared and filed the claim for compensation.

This claim was actually filed within six months from the date the Employer filed its denial of liability. As we read this record it is apparent that this Claimant was doing the best he could under the circumstances.

The Industrial Commission is the agency specifically entrusted with the discretionary power to determine the facts in situations such as here presented, and its determination of such matters should only be set aside upon a showing of fraud or abuse of discretion. No fraud or abuse of discretion is shown by this record.

Nowhere in this record does it appear that Claimant had knowledge of the six months statute of limitations governing the filing of claims. Prior to 1941 an excuse such as here presented would not have been acceptable. However, in 1941 the General Assembly amended Section 84 of the Workmen's Compensation Act (81-13-5) inter alia, giving the Commission discretionary power to relieve a Claimant of the effects of failure to file a claim within six months, where the Commission is satisfied that a reasonable excuse exists for such failure. This amendment followed our decision in *Miller v. Industrial Commission,* 106 Colo. 364, 105 P. (2d) 404. Since the statute was amended two cases have been decided by this court: *C. F. & I. Corp. v. Industrial Commission,* 129 Colo. 287, 269 P. (2d) 696, and *Employers Casualty Co. v. Industrial Commission,* 133 Colo. 536, 297 P. (2d) 887. The latter case, while affirmed without written opinion, involved this question. On the authority of these cases we are impelled to reverse the trial court's decision.

It cannot be said that the Employer's rights here were prejudiced by the late filing of the claim. Employer knew of the accident, when it occurred, who the medical attendants of Claimant were, where he was hospitalized, when admitted and when discharged from the hospital. All these pertinent facts are disclosed by the Employer's report to the Commission. The facts before the Commission and upon which it acted make a sufficient showing

that no prejudice resulted to Employer from the late filing. In the *C. F. & I. Corp.* case, *supra,* it is said:

"It is further urged that there must be shown not only excuse for delay, but lack of prejudice to the employer by reason of such delay, and that the burden of proof of lack of prejudice is on plaintiff. We think the burden of proof of such a negative is not on claimant. Nowhere in the record is there any showing of prejudice and it is not to be presumed from mere delay in filing the claim. Prejudice must be actual and must be shown to be actual. *Buckner v. Quick Seal Inc.,* 233 Mo. App. 273, 118 S.W. (2d) 100. The Commission was not arbitrary in its determination that employer's rights had not been prejudiced thereby."

So in the case before us we must hold that the "Commission was not arbitrary in its determination and that employer's rights had not been prejudiced thereby."

 Every item appearing in the findings of fact and award of the Commission relating to the accident finds support in the testimony of Claimant, which is sufficient to support every material fact necessary to sustain an award in his favor. Claimant had a pre-existing back condition which was aggravated by the accidental injury in July, 1954. Aggravation of pre-existing conditions has long been held to be compensable. *Kamp v. Disney,* 110 Colo. 518, 135 P. (2d) 1019. Compensation is not dependent on the state of an employee's health or his freedom from weakness or latent tendency. *Montgomery Ward & Co. v. Industrial Commission,* 128 Colo. 465, 263 P. (2d) 817.

 No claim is made in the instant case for permanent disability or any percentage thereof. Obviously Claimant is a qualified and competent witness to testify and relate what happened to him. Medical evidence would have done no more than corroborate or supplement his testimony. Claimant's sworn statements, if credited by the Commission, were sufficient upon which to predicate an award, particularly where as here the

report of the accident submitted by the Employer fully and adequately describes the injury, the hospitalization and related matters. The Commission is a fact finding body and as such is the sole judge of the credibility of the witnesses. *Regal Coal Co. v. Jackvich,* 105 Colo. 479, 99 P. (2d) 196. No effort was made to contradict any of Claimant's testimony.

Counsel for Employer and Insuror cite in support of their contention that the claim is barred, *Weidensaul v. Industrial Commission,* 107 Colo. 28, 108 P. (2d) 234, and *Industrial Commission v. Hover,* 82 Colo. 335, 259 Pac. 509. Neither of these cases are in point since they were decided under a statute which, as pointed out, has been substantially amended.

The absence of medical testimony does not amount to substantial error where as here the facts are established by other competent evidence. It is clear from the record that Claimant was able to work before the accident but not afterward until his condition had been improved by surgery.

The judgment is reversed and the cause remanded with directions to enter a judgment affirming the award of the Commission.