Mr. Justice Moore
delivered the opinion of the Court.
The State Compensation Insurance Fund is here by writ of error to review a judgment of the district court affirming an award of the Industrial Commission of Colorado.
Claimant, Albert C. Stampfel, suffered a heart attack on December IQ, 1959, as a result of an accident arising out of and in the course of his employment. He did not file his claim for compensation until September 18, 1961. The only assignment of error urged as ground for reversal is that under the provisions of C.R.S. ’53, 81-13-5 (as amended in 1959) the claim is barred because it was filed more than one year after the injury. The statute cited, in pertinent part, provides:
“ * * * The right to compensation and benefits, as provided by this chapter, shall be barred unless within one year after the injury, * * * a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid, or when it is established to the satisfaction of the commission within two years after the injury or death that a reasonable excuse exists for the failure to file such notice claiming compensation, and the employer’s rights have not been prejudiced thereby, * * * .”
In the instant case it is not contended that any prejudice to the rights of the employer resulted from the *450 delay in filing the claim. The argument for reversal is based on the proposition that the record does not disclose evidence sufficient to sustain the finding of the commission that a “reasonable excuse” for failure to file within one year was shown by the claimant. It is asserted that the failure of the evidence to establish a “reasonable excuse” was such as to require this court to hold that there was an abuse of discretion on the part of the commission in reaching its conclusion to the contrary. The Industrial Commission has a broad discretion with relation to the question of whether it has been “established to the satisfaction of the commission * * * that a reasonable excuse exists * * * ” for failure to file a claim within one year from the injury.
In Armour and Company v. Industrial Commission of Colorado, et al., 149 Colo. 251, 368 P. (2d) 798, it was said that:
“In considering the issues presented we must begin with the long recognized premise that the Commission is vested with broad discretion in determining what facts constitute a reasonable excuse. * * * ”
In Industrial Commission of Colorado, et al., v. Newton Lumber & Manufacturing Company, et al., 135 Colo. 594, 314 P. (2d) 297, this court stated, inter alia:
“The Industrial Commission is the agency specifically entrusted with the discretionary power to determine the facts in situations such as here presented, and its determination of such matters should only be set aside upon a showing of fraud or abuse of discretion. * * * ”
Having referred to various opinions dealing with the subject, the trial court, in affirming the award of the commission, stated:
“A careful reading of all of these cases will disclose that no hard and fast rule can be set out which would cover every case. Rather, it would appear, that the facts and circumstances surrounding each case must be separately considered and evaluated.
“In this case, the Court cannot say as a matter of law *451 that the Industrial Commission abused its discretion in permitting Claimant to file his claim after the twelve month statutory limitation had expired.”
We have read the full record and agree with the trial court that it cannot be said as a matter of law that there was an abuse of discretion on the part of the commission in accepting the explanation of claimant as being a “reasonable excuse” for the late filing of the claim.
A recitation of the facts and circumstances surrounding this case would only serve to lengthen the opinion without compensating benefit to the bench or bar. Suffice it to say that we have carefully reviewed the record and that the authorities relied upon for reversal are clearly distinguishable on the facts.
The judgment is affirmed.