No. 24026.

INDUSTRIAL COMMISSION OF COLORADO, CENTENNIAL TURF CLUB, INC., AND STATE COMPENSATION INSURANCE FUND *v.* GEORGE H. CANFIELD.

(469 P.2d 737)

Decided May 25, 1970.    Rehearing denied June 15, 1970.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

RICHARD G. FISHER, JR., FRED B. DUDLEY, for plaintiffs in error Centennial Turf Club, Inc., and State Compensation Insurance Fund.

LITVAK and LITVAK, WILLIAM LITVAK, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS case involves review on writ of error of a decision in the district court reversing the findings of the Indus-

trial Commission in a proceeding under the Workmen's Compensation Act.

On March 20, 1966 George Canfield, hereinafter referred to as the claimant, was injured in the course of his employment with the Centennial Turf Club, Inc., hereinafter referred to as the employer. Although the claimant sought medical treatment for his injuries the day following the accident and left his employment in June, 1966, he did not report the accident to his employer until some time shortly before August 12, 1966, when, at his request, he received and returned to the employer an employer's accident form. No claim for compensation was filed by the claimant with the Industrial Commission, hereinafter referred to as the commission, until May 24, 1967, some 14 months after the accident.

Following a hearing on the claim for compensation, the referee for the commission found that the claimant had filed no claim for compensation within one year following his accident on March 20, 1966, that he had presented no reasonable excuse for his failure to file within one year, and that the employer had been prejudiced by the delay. The referee ordered that the claim be dismissed for lack of jurisdiction.

The decision of the referee was reviewed and affirmed by the commission. Subsequently, the decision was reversed by the district court on review. In reversing, the court found that the claimant had established a reasonable excuse for his late filing as a matter of law, and that there was no showing of prejudice to the employer as a result of the delay. The commission seeks reversal of this judgment.

■■ We point out at the outset that the critical date involved in the one-year statute of limitations is not the date of the accident, but the date of the injury. *City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194. In *Payne,* we held that the time for filing a notice claiming compensation begins to run when the claimant as a reasonable

man should recognize the nature, seriousness and probable compensable character of his injury.

█ Both the commission and the trial court failed to apply this test, but used as the critical time the date of the accident. In this both were in error. In the present case, although the claimant, by his own testimony, sought medical treatment for his injuries the day following the accident, his injury was not immediately disabling, and he was able to continue with his employment uninterrupted until June 19, 1966. The circumstances of the case raise an issue of when the injury occurred and the one-year period commenced under the *Payne* test. Upon remand, that issue must be determined and a finding of fact made thereon by the commission.

It is necessary to the proper resolution of this case to determine whether the commission was justified in finding that no reasonable excuse exists for the one year's delay in the event the commission should find that under the circumstances here present the date of the accident and the date of the injury were the same.

█ Since the commission is the agency specifically entrusted with the discretionary power to determine the reasonableness of the excuse and the prejudice resulting from the delay, it is given broad discretion in determining those questions and the decision of the commission will only be set aside upon a showing of fraud or abuse of discretion. *Industrial Commission v. Newton Lumber & Mfg. Co.*, 135 Colo. 594, 314 P.2d 297 (based on C.R.S. '53, 81-13-5 substantially re-enacted in C.R.S. 1963, 81-13-5).

█ We have previously noted that not all reasons constitute legally justifiable excuses within the purview of the statute. *Silsby v. Tops Drive In Restaurant-Dutton Ent., Inc.*, 160 Colo. 549, 418 P.2d 525. In this case, while the claimant has demonstrated his reason for the delayed filing of his claim, we cannot say that the reason given compels the commission, as a matter of law, to accept it as a legally justifiable excuse.

The judgment is reversed and the cause remanded to the district court with directions to remand the same to the Industrial Commission for further proceedings consistent with the views herein expressed.

MR. JUSTICE GROVES specially concurring.

MR. JUSTICE GROVES specially concurring:

I concur in the result, although I would have little trouble in going further and ruling that the decision of the Industrial Commission should be reinstated. The reason for this mild expostulation is that the rule of *City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194, should not be applied unless there is a showing that the claimant, as a reasonable man, did not recognize until some time after the accident that he had sustained the injuries for which he ultimately sought compensation. Absent such a showing, I think the law is, or at least should be, that the date of the injury is presumed to be the date of the accident.

The claimant thought initially that he had injured his heel. He testified that his doctor advised him on the day following the accident that the injury actually was to his back. The record continues as follows:

"Q. Then did he prescribe any treatment for you?

A. He did. He told me, he says, 'What you should do is go to surgery,' and I didn't want to. 'Well,' he said, 'I will be very frank with you. Sometimes we can help this with medication.'

Q. Did he give you medication?

A. He did. Twice a week I took some kind of shots he gave me, and also some pills.

Q. Do you know what these shots or pills were or what they were for?

A. Well, they were for the back, I couldn't tell you what they contained or anything.

Q. All right, now, at the time that you first started seeing Dr. Nuttall, what was your condition?

A. Well, I couldn't — I had no strength in my heel, and the pain was, I would say, very bad."

I agree that technically the Commission should make a finding as to the date of the injury. The remand, however, is probably an academic pursuit as I am inclined to believe that there was no compelling evidence to sustain a finding that the injury was first recognized later than the day following the accident.

In order to show reasonable excuse, the claimant must show that he did not, as a reasonable man, recognize the possible extent or the compensable nature of his injury until after May 24, 1966, *i.e.*, less than one year prior to the filing of his claim on May 24, 1967.