[No. 8422.]

## GRAYBILL V. CORLETT.

1. LICENSE—*Parol*—*Effect.* An executed license by parol is irrevocable. One who, by parol license of the owner of lands constructs a ditch over the same, for the conveyance of water to other lands for the irrigation thereof, has a title equivalent to one acquired by grant. *DeGraffenried v. Savage,* 9 Col. Ap. 131, and *Tynon v. Despain,* 22 Colo. 240, followed. (553.)

2. ELECTION OF REMEDIES—*What Necessary to Effect Of.* In order to

constitute a binding election the party sought to be charged therewith must have had such knowledge as is essential to an intelligent choice of procedure.

An election made by one acting under a mistake of fact or law, or a misconception of his right, is not binding, where there has been no change in conditions by which the adoption of a new remedy occasions injury to the other party. (554.)

*Error to Rio Grande District Court.* Hon. A. WATSON McHENDRIE, Judge.

*Department.*

Mr. JOHN T. JACOBS, Mr. H. M. HOWARD, for plaintiff in error.

Mr. GEORGE M. CORLETT, for defendant in error.

Opinion by TELLER, J.

The plaintiff in error is the owner of a tract of land which was for a number of years irrigated through a lateral across the land of defendant in error. In 1906 defendant in error destroyed the lateral, and this suit was begun by plaintiff in error to have his title to said ditch quieted, and defendant enjoined from interfering with its use.

The trial court entered judgment for the defendant.

It appears that the lateral in question was constructed by one Farrar in 1886, under a parol license from one Warren, the owner of the land upon which it is now located, for the irrigation of lands not involved in this action.

In 1890, one Kramer, plaintiff's grantor, obtained from Warren, who was the agent of his wife, the owner of the servient estate, permission to run water through the ditch for irrigating the land now owned by plaintiff. In 1892 Kramer conveyed to the plaintiff, and the latter obtained water through the ditch for the land thus conveyed until 1906. He testified that he put in a new head-gate for this lateral, and several times cleaned and repaired the ditch, no one at any time objected to his use of it.

The defendant was, for ten years prior to 1905, the agent of Mrs. Warren and had charge of her said land. In 1905 he purchased this land, and early in 1906 he informed the plaintiff that he could no longer use the ditch. Soon afterwards defendant plowed up the ditch, and it has never since been used.

There is no conflict of evidence on points material to the case, it appearing that plaintiff's grantor had a parol license to use the ditch, that it was used for the irrigation of plaintiff's land for sixteen years, and until it was destroyed by the defendant; that plaintiff cleaned and repaired it from time to time, and that defendant took title to the Warren land with full knowledge of these facts.

From defendant's testimony it appears that he acted upon the belief that plaintiff had no right to have the ditch remain on the land because there had been no conveyance of a right of way.

The court entered a judgment for defendant without any findings of facts or law, and we are, therefore, without information as to the grounds of his decision.

It is too well settled to require discussion that under the circumstances above stated a licensee holds under an irrevocable license, and his right is as valid as if acquired by grant. *De Graffenried v. Savage,* 9 Colo. App. 131, 47 Pac. 902; *Tynon v. Despain,* 22 Colo. 240, 43 Pac. 1039.

Defendant took the land subject to the burden of this ditch. Id. p. 250, 43 Pac. 1042.

Sometime prior to the beginning of this suit, the plaintiff began a proceeding to condemn a right of way for a ditch over the defendant's land, having been advised by his then counsel that he had no right to maintain the old ditch.

This proceeding was dismissed before any action had been taken under it.

It is urgently contended that the plaintiff, in beginning

that proceeding, made an election of remedies, and that such election is irrevocable.

If it be true that a proceeding to condemn land is a remedy within the rule as to the election of inconsistent remedies,—upon which point we express no opinion,—it does not follow that the rule should be applied in this case.

An election between two remedies necessarily implies knowledge that there are two remedies, and it is everywhere held that in order to constitute a binding election the party electing must have had such knowledge as is essential to an intelligent choice of procedure. 15 Cyc. 261; *Williams v. County Com'rs*, 48 Colo. 541, 111 Pac. 71.

Here the plaintiff when he began the proceedings in condemnation supposed that he had no other recourse, his attorney having so advised him. It cannot, therefore, be said that he chose one of two remedies.

"An election made by a party under a mistake of facts, or a misconception as to his rights, is not binding in equity." Kerr, On Fraud and Mistake, 453.

And this is true whether the mistake be of law or of fact, there having been no change in conditions from which injury to the other party would result from the adoption of the new remedy. *Standard Oil Co. v. Hawkins*, 74 Fed. 395, 20 C. C. A. 468, 33 L. R. A. 739.

A suit begun under a mistake as to the remedy, and dismissed by plaintiff, is no bar to the adoption of another remedy. *Gibbs v. Jones*, 46 Ill. 319.

The plaintiff, then, having mistaken his remedy when he began proceedings to condemn a right of way, was not barred from prosecuting the present action. He had an interest in the ditch which the defendant plowed up and destroyed, and was entitled to have his title therein quieted. The judgment is reversed and the cause remanded with directions for such further proceedings as are in harmony with this opinion.

GABBERT, C. J., and HILL, J., concur.

Decided December 6, A. D. 1915.  Rehearing denied February 7, A. D. 1916.