## No. 9453.

### WEBB ET AL. v. WILDCAT LATERAL DITCH COMPANY.

1. PRACTICE IN ERROR—*Failure of the Court Below to Find the Fact,* is immaterial. The Court of Review will itself then consider the evidence and find the facts.

2. WATER RIGHTS—*Abandonment.* That an irrigating ditch is not used for several years is not of itself an abandonment.

3. PAROL LICENSE—*Executed,* is irrevocable..

4. ESTOPPEL—*By Conduct.* The general manager of a plantation had verbally licensed the extension over the same of an irrigating ditch. The principals never denied his authority or repudiated acts done by him equal in importance and dignity with the one in question. *Held* they were estopped to deny his authority.

*Error to Weld District Court, Hon. Robert G. Strong, Judge.*

Mr. CHARLES H. HAINES, for plaintiffs in error.

Mr. ELBERT C. SMITH, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court:

PLAINTIFFS brought this action to quiet title to land in Weld County against any adverse claim of defendant ditch company, Joe Lee, and other individual defendants, and to oust them from an easement or right of way for a ditch already constructed and in use upon such land. The default of the defendants, except the ditch company, was entered, and as to it the court found that it had an easement for an irrigating ditch over the land owned by plaintiffs. That such easement was acquired by parol license from their agent, one R. E. Hall, which license had been perfected by entry upon, the construction and use of the ditch in question across and through such land. Judgment was entered accordingly, and plaintiffs bring it here for review.

It is contended that Hall, who was the agent and general manager of plaintiffs, for the purpose of looking after and managing this land, had no authority to give the ditch company leave to construct a ditch over it, and that, therefore, everything which was done by that company under such

claimed license was unlawful and in trespass. The company urges that plaintiffs are estopped to deny authority in Hall to grant such license, that an executed parol license is without the statute of frauds, and that the ditch was in reality reconstructed and used under an ancient and unabandoned right.

The ancient right seems to be based upon the following facts: C. P. Howard, father of the Howard sisters, plaintiffs herein, owned the land, which now belongs wholly to Joe Lee, jointly with the latter; upon the death of Howard these daughters, the plaintiffs, sold the interest in that land which they inherited from the father, to Lee; while Howard and Lee were joint owners the ditch in question was constructed and used for the purpose of irrigating the Howard and Lee land; that Lee had transferred all his right, title and interest in the ditch, including the right and interest therein acquired by purchase from the Howard sisters, to the defendant ditch company. It is clear from the evidence that the right of way now in dispute existed and was in use at the time Lee and Howard jointly owned the quarter section now owned exclusively by Lee; and that fact was never questioned nor disputed by the father of plaintiffs in his lifetime. Although the ditch appears to have lain idle for some years, there is no proof at all of an abandonment. We are, therefore, of opinion that the evidence is ample to establish the ancient right claimed by defendant company, and that upon this theory the judgment should be affirmed. Although the trial court appears to have made no findings, one way or the other, on this question, still the court, for the purpose of affirming the judgment of the trial court, may properly upon such claim, as it is convinced that the proofs fully warrant and support it.

It is unnecessary, however, to rest our decision upon the fact of the existence of the ancient right of way alone, as it appears that a license was given the ditch company by Hall to extend the ditch, as was done, as the general agent of plaintiffs, he having for several years acted in that

capacity in reference to this land. His apparent authority was ample, as shown by the record, to warrant him in giving such license. There is nothing to indicate that his principals ever denied such authority, or repudiated any of his acts, some of which were of equal importance and dignity with the one under discussion, save in this instance, and then only after the ditch had been renewed and again put to use, and it was then too late. Under such circumstances they will not be heard to deny the power of their agent to thus bind them. *State Ins. Co. v. Dubois,* 7 Colo. App. 214, 44 Pac. 756; *El Paso County v. Colo. Co.,* 171 Fed. 20, 96 C. C. A. 262; *Silver Mining Co. v. Anderson,* 51 Colo. 298, 117 Pac. 173. That the ditch was constructed under an oral license is immaterial, because it is here the settled law that a parol license fully executed is irrevocable. *Graybill v. Corlett,* 60 Colo. 551, 154 Pac. 730; *De Graffenreid v. Savage,* 9 Colo. App. 131, 42 Pac. 902; *Tynon v. Despain,* 22 Colo. 240, 43 Pac. 1039; *Gyra v. Windler,* 40, Colo. 366, 91 Pac. 36, 13 Ann. Cas. 841.

The argument of plaintiffs in error that Hall had no authority to give such license is not of force, for upon the undisputed facts plaintiffs are clearly estopped from asserting the contrary. Upon the whole record there can be no possibility of doubt that a person dealing with Hall, as the agent of plaintiffs, was entirely justified in believing that he had full authority and power to give such license as was given. So, manifestly, plaintiffs should not now be heard to repudiate the action which Hall took in this connection, and, therefore, the defendant was not a trespasser, and the suit in ouster will not lie. Whether plaintiffs have an action in damages for the value of any land taken we do not decide, as that matter is not here involved.

Judgment affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.

Decided December 1, 1919. Rehearing denied January 5, 1920.