## No. 13,832.

Industrial Commission et al. *v.* Schaefer Realty Company.

(56 P. [2d] 51)

Decided March 23, 1936.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. LOUIS SCHIFF, Assistant, for plaintiffs in error.

Messrs. BLOUNT, SILVERSTEIN & ROSNER, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case arises under the Workmen's Compensation Act. The employee, Rosetta, suffered a compensable injury. He filed a claim with the Industrial Commission, which, after a hearing, made an award in his favor. The employer, Schaefer Realty Company, carried the controversy into the district court, contending that the claimant had lost his right to workmen's compensation by electing to bring, and by prosecuting to final judgment, an action at law for damages on account of alleged negligence of the employer in connection with the accident. The district court sustained the contention and overruled the commission. The claimant seeks a reversal.

[1] The Workmen's Compensation Act was intended to supply every employee within its protection with a more or less summary and speedy procedure before the Industrial Commission to recover compensation for any injury from an industrial accident occurring in the course of his employment and arising out of it. Such recovery is without regard to the question whether or not

the employer was guilty of such negligence as might otherwise have given rise to a cause of action at common law. It is not necessary to discuss certain exceptions to the general rule or the qualifications of it.

■ The employer, through nonrejection of the provisions of the Act, became subject thereto. S. L. 1919, c. 210, §16 (C. L. '21, §4390, amended by S. L. '23, p. 733, §3). It is conceded by both sides that, when the employer thereupon failed to comply with the insurance features of the Act, the employee had the right to proceed, at his option, either under the Act or by a common-law action for negligence. The employee brought an action of the latter sort directly in the district court, but there the judgment went against him. He then attempted to fall back upon the procedure established by the Act.

■ The only question calling for decision is whether, under the facts and circumstances appearing in the record, there has been such an election of remedies by the employee as deprives him of the right to resort to the remedy offered by the Act when he has tried and failed to recover in an action at common law. The employer says "yes"; the employee says "no." Ours is the responsibility of determining which is right.

It is well known that the price paid for the speed and comparative certainty, under the Act, of recovering for industrial accidents irrespective of negligence or its absence is a much lower level of compensation as contrasted with the possible size of verdicts in common-law actions based on the ground of negligence. Since the passage of the Workmen's Compensation Act, the industry must reimburse for compensable injuries within certain prescribed practical limits and wholly regardless of the question of negligence on the part of employee or employer or both. No discussion is required to demonstrate that the two remedies are radically different and inconsistent. The choice as between them must in all fairness be held to limit the claimant to the one chosen and be deemed to exclude the right to the other. 20 C. J.,

page 2, §1. We could not tolerate an employee's gambling with the remedy that promises contingently a much greater return, and then, if he loses, grant him the less fruitful one which was devised for his benefit with the obvious purpose of obtaining speedy and substantial security against what might otherwise be a total and irretrievable loss by an industrial accident.

The trial court was right.

Judgment affirmed.

MR. JUSTICE HOLLAND not participating.