## No. 14,404.

INDUSTRIAL COMMISSION ET AL. *v.* INTERNATIONAL MUTUAL
LIABILITY INSURANCE COMPANY ET AL.

(86 P. [2d] 970)

Decided January 9, 1939. Rehearing denied January 30, 1939.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS
SCHIFF, Assistant, Mr. HAROLD CLARK THOMPSON, Mr. E.

Meyer Rifkin, Mr. Eugene A. Bond, for plaintiffs in error.

Mr. W. A. Peterson, Mr. Carl A. Wyers, for defendant in error International Mutual Liability Insurance Company.

*En Banc.*

Mr. Justice Francis E. Bouck delivered the opinion of the court.

This case arises under the Workmen's Compensation Act. We are asked to reverse a judgment of the Denver district court, which, by transferring liability for compensation to plaintiff in error State Compensation Insurance Fund, nullifies an award of compensation theretofore made by the Industrial Commission to the widow of Oliver Franklin Bigham against defendant in error International Mutual Liability Insurance Company.

Bigham, an employee of plaintiff in error R. M. Coyle, met instantaneous death on June 10, 1937, as the result of a compensable accident in Adams county.

The sole issue in the case is whether said defendant in error International Company or plaintiff in error State Compensation Insurance Fund is liable as insurance carrier. The latter insured the employees of plaintiff in error Eaton Metal Products Company, a principal contractor; the former, the employees of Coyle.

Under section 49 of the Workmen's Compensation Act ('35 C. S. A., c. 97, §328), the Eaton Company and its carrier, plaintiff in error State Compensation Insurance Fund, are liable unless Coyle's insurance covered the deceased employee. All depends upon the meaning of the policy Coyle obtained from International Company.

Part (a) of statement 3 in section III of Coyle's policy reads: "Locations of all Factories, Shops, Yards, Buildings, Premises, mines or other work-places of the Assured

to which this Policy shall apply, by County and Town or City, with street and numbers, are as follows: *Within city limits of Florence, Colorado on East Main Street,*" the italicized words being inserted by typewriting on the printed form. Statement 4 of the aforesaid section III, so far as applicable here, reads: "This policy shall cover all employees * * * of the Assured working at or from the places specified in Part (a) of Section III, Statement 3, in connection with the business operations provided for in said statement."

 Counsel for the International Company contend that "the intention of the parties at the time the contract was entered into was to cover only the operations of R. M. Coyle in dismantling oil tanks at the old Continental Oil Refinery at Florence, Colorado." Such intention does not appear by any reasonable interpretation of the entire policy. Part (b) of statement 3 in section III states: "General business operations of Assured at the places named in part (a) hereof, including all operative management and superintendence, the making of repairs and ordinary alterations for the maintenance of Assured's buildings and plants at said places in good condition and the repair and renewal of Assured's existing mechanical equipment therein. *Iron and Steel Iron or Steel Erection, H. O. C. #5057,*" the italicized words and figures being in typewriting on the printed form. This language would not be consistent with the remainder of the policy if the interpretation thus placed upon the latter were adopted. It is not conceivable that a concern whose general business operations are described as "iron or steel erection" should be limited in its operations to dismantlement and to "City limits of Florence, Colorado on East Main Street," which counsel argue is the restricted area where dismantling alone is to be done. The narrow meaning contended for could not square with the intention and purpose of the Workmen's Compensation Act, as interpreted and expressed by the Industrial Commission in its manual of rules, which were known to

the defendant in error International Company and its attorney, and concerning the validity of which no objection or doubt has been raised. The portion of the manual in evidence, so far as here applicable, declares:

"The Compensation Insurance Rates in this Manual shall be applied to the payroll, as hereinbefore defined, of all employees of the assured, and Compensation Insurance policies shall not be written except upon the basis of the entire payroll of the risk which is the subject of Insurance * * *.

"The term 'risk' shall mean and include the entire operations of the assured in Colorado.

"* * * Under no circumstances shall a Compensation Insurance Policy be written covering any part of a given risk, leaving another part of the risk uninsured. * * *"

These rules thus put insurance carriers upon notice that the policy covers all Colorado operations of the assured.

The contract between plaintiff in error Eaton Company and plaintiff in error Coyle, in the performance of which the deceased employee was working when he sustained his fatal injury, was in evidence before the commission. It plainly showed that much of Coyle's contract involved work by his employees outside of Florence, Colorado. Moreover, there was before the commission the evidence of Coyle that he loaned the agent of the International Company for about twenty-four hours his own copy of the contract with the Eaton Company, in order that the policy might be correctly filled out. The agent was not produced as a witness, and Coyle's testimony on this point is not contradicted.

In view of the foregoing, special importance attaches to the words "or from" in the above quoted passage from statement 4 in section III of the policy, which is to "cover all employees * * * working at or from the places specified."

Everything considered, including the knowledge gained

by the International Company through its agent's borrowing the Coyle-Eaton contract, a natural meaning is that, while East Main street, Florence, might be headquarters for Coyle, and while the employees engaged in dismantling the tanks may have done their work *at* the places specified, those engaged in transporting or re-erecting the dismantled tanks in Adams county must necessarily have worked *from* the specified places. With all the evidence before it, the Industrial Commission, as the fact-finding body, had the right to place the liability on defendant in error International Mutual Liability Insurance Company. In vacating the award, and ordering the commission to enter the award against plaintiff in error State Compensation Insurance Fund, the trial court erred. The judgment must be reversed, with directions to the district court to affirm the commission's award.

Judgment reversed with directions.

MR. JUSTICE HOLLAND not participating.