## No. 15,979.

HARTFORD ACCIDENT AND INDEMNITY COMPANY ET AL. *v.* JULIA S. CLIFTON ET AL.

(190 P. [2d] 909)

Decided February 24, 1948.

Mr. IVOR O. WINGREN, Mr. EARLE F. WINGREN, for plaintiffs in error.

Messrs. WOLVINGTON & WORMWOOD, Mr. HAROLD J. SPITZER, Mr. GRAHAM SUSMAN, Mr. HYMAN D. LANDY, Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, for defendants in error.

MR. JUSTICE HAYS delivered the opinion of the court.

THIS is a workman's compensation case. Herein we will refer to Hartford Accident and Indemnity Company and Colorado Central Power Company, plaintiffs in error, and Julia S. Clifton, Orville P. Trimmer, Firemen's Fund Indemnity Company, and Industrial Commission of Colorado, defendants in error, as Hartford Company, Power Company, claimant, Trimmer, Fireman's Fund, and Commission, respectively.

Trimmer on May 2, 1946, the date of the accident, was engaged in constructing a transmission line under a contract with the Power Company. Albert J. Clifton, claimant's deceased husband, was employed by Trimmer and

lost his life as the result of an accident arising out of and in the course of his employment.

The Power Company's liability under the Workmen's Compensation Act was fully insured with the Hartford Company and both of said companies are liable for the payment of the award herein, unless released therefrom by the provisions of section 328, chapter 97, '35 C.S.A., which provides: "Any person, company or corporation operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work thereof to any lessee, sub-lessee, contractor or subcontractor, shall irrespecitve of the number of employees engaged in such work, be construed to be and be an employer as defined in this article, and shall be liable as provided in this article to pay compensation for injury or death resulting therefrom to said lessees, sub-lessees, contractors and sub-contractors and their employees, and such employer as in this section defined shall, before commencing said work insure and shall keep insured his liability as herein provided and such lessee, sub-lessee, contractor or sub-contractor, as well as any employee of such lessee, sub-lessee, contractor or sub-contractor, shall each and all of them be deemed employees as defined in this article. Such employer shall be entitled to recover the cost of such insurance and deduct the same from the contract price or any royalties or other money due, owing or to become due said lessee, sub-lessee, contractor, or sub-contractor; provided, however, that if said lessee, sub-lessee, contractor or sub-contractor doing any work as in this section provided shall himself be an employer as defined in this article in the doing of such work and *shall before commencing said work insure and shall keep insured his liability for compensation as herein provided then and in that case such person, company or corporation operating, engaged in, or conducting said business shall not be subject to the provisions of this section.*" (Italics supplied) The above furnishes the only method by which

the plaintiffs in error may escape liability for payment of the award. *Industrial Commission v. International Mutual Liability Ins. Co.*, 103 Colo. 419, 86 P. (2d) 970; *Joe Dandy Min. Co. v. Industrial Com.*, 112 Colo. 241, 244, 148 P. (2d) 817.

To escape liability it is necessary that plaintiffs in error show: (1) that Trimmer "shall himself be an employer," and (2) he "shall before commencing said work insure and shall keep insured his liability for compensation * * *."

■■ There is little, if any, doubt that Trimmer was an employer within the meaning of the act, provided he had fully complied with the second requirement by insuring and keeping insured his workmen's compensation liability. Plaintiffs in error contend that Trimmer, at the time of the accident on May 2, 1946, had complied with the second requirement, whereas defendants in error contend that he had not done so.

A determination of the above question depends largely upon the proper construction of rule 3 of the Commission, which reads as follows: "Every insurance carrier writing compensation * * * insurance within the State of Colorado, shall, *upon the issuance of any compensation * * * insurance policy or upon the cancellation or expiration of any such policy, file with the Commission a notice specifying the policy number, the name of the insured, the business and place of business of the insured, and the termination or expiration dates of such policy and the reasons for such termination,* which notices shall be given by the issuance of a duplicate return postal card, in the form as prescribed by the Commission." (Italics supplied) In connection with the above, the record shows that Trimmer insured his liability under the act by obtaining a policy of insurance from the Fireman's Fund, March 5, 1945, which by its terms was to expire March 5, 1946. It also appears from the record that a notice was served upon issuance of policy, and that thereafter no notice of any kind was served upon

the Commission by the Fireman's Fund of its termination.

Plaintiffs in error contend that the Fireman's Fund policy, under rule 3, remained in full force and effect—notwithstanding its expiration date set forth in the policy—until the required notice of termination should be served upon the Commission. Defendants in error, on the other hand, assert that service of notice upon the Commission "upon the issuance" of the policy fully satisfied the requirements of the above rule and that no further notice of "termination or expiration dates" was required, and if given, would merely result in duplication.

While there is considerable force to the contention of plaintiffs in error, the real question is whether or not, in the adoption of the rule, it was the Commission's intention that a second notice be given. The Commission held that the notice given by the Fireman's Fund "upon the issuance" of the policy fulfilled all the requirements of the rule; that the policy expired by its own terms prior to the accident herein; and that a second notice was not required. This holding was approved by the district court and will not be disturbed here. We, therefore, conclude that, Trimmer having failed to comply with the statute with respect to keeping his compensation insurance in force, plaintiffs in error were not released from their liability under the act; and that Trimmer and deceased, under section 328, supra, both were constructive employees of the Power Company and covered by the insurance policy of the Hartford Company.

It next is contended that claimant is estopped from recovering under the Workmen's Compensation Act because of her election to sue Trimmer for damages resulting from the death of her husband.

The record shows that on May 30, 1946, for reasons which are unimportant here, claimant brought suit against Trimmer demanding judgment in the sum of

$5,500; that the next day a stipulation of settlement was entered into between the parties whereby Trimmer agreed to pay claimant, in full settlement of her claim, the sum of $4,900, payable $500 in cash, and sixty dollars per month until the full amount was paid. There was paid on account the sum of $920, the last payment being December, 1946. October 21, 1946, claimant filed her notice and claim for compensation with the Commission.

The contention that claimant is estopped by her election to sue Trimmer is based upon the erroneous assumption that the latter was the employer of deceased. As above stated, we have concluded that the Power Company was the employer and that both Trimmer and deceased were employees by reason of the fact that Trimmer had failed to keep his liability insured. Trimmer and deceased, being in the same employment, the provisions of section 366, chapter 97, '35 C.S.A., relating to election of remedies, does not apply, and claimant's remedy before the commission is exclusive. Section 294, id.

In the claimant's action against Trimmer, above mentioned, it was alleged that the latter had "failed to provide and keep in force workmen's compensation insurance as required by law * * *", and that Trimmer "was guilty of negligence showing a willful disregard of the safety of plaintiff's husband." These allegations would indicate that the action was predicated upon section 306, id., and that claimant's then counsel had misconceived the law, being of the opinion that the Power Company was primarily liable for the compensation, and that such liability was insured by the Hartford Company. By reason of the "stipulation of settlement" hereinbefore mentioned, and the payments made pursuant thereto, counsel for both parties apparently erroneously concluded that Trimmer was in some way liable to claimant. It is clear that claimant had no legal cause of action against Trimmer either under section 306 or 366,

supra; the latter section authorizes actions against third parties who are not in the same employment as claimant. The bringing of the action under such circumstances did not constitute an election of remedies, and claimant is not estopped by reason thereof from recovering compensation. *Ontario Mining Co. v. Industrial Com.*, 86 Colo. 206, 280 Pac. 483; *King v. Baur Co.*, 100 Colo. 528, 68 P. (2d) 909.

■ ■ It next is contended that in event plaintiffs in error are required to pay the award of the Commission, that the payments made by Trimmer to claimant should inure to the benefit of plaintiffs in error, and such payments should be deducted from the compensation. This contention is based upon section 366, *supra*, which provides, inter alia: "If such injured employee, or in case of death, his dependents, elect to take compensation under this article, the awarding of compensation shall operate as and be an assignment of the cause of action against such other to the industrial commission of Colorado if compensation be payable from the state compensation insurance fund, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation; * * *."

In construing the above statute we have said, "that the 'awarding of compensation' is the effective force which assigns the cause of action by operation of law." *King v. Baur Co., supra; Drake v. Hodges,* 114 Colo. 10, 161 P. (2d) 338. See, also, *Wilson v. Smith,* 110 Colo. 68, 130 P. (2d) 1053. When claimant was awarded compensation, it is clear that whatever cause of action she had against third parties was, by operation of law duly assigned to plaintiffs in error. But in this case, under the attending circumstances, there was nothing to assign. Claimant had no cause of action, notwithstanding the fact that former counsel for claimant and Trimmer, in making settlement, erroneously concluded otherwise. Plaintiffs in error are in no manner interested in the proceeding between claimant and Trimmer. They were

not parties thereto nor in anyway affected thereby. The Commission in the instant case properly held that it could not take cognizance of such payments as they were not within its jurisdiction. In *Ontario Mining Co. v. Industrial Com., supra,* we refused, under similar circumstances, to disturb the situation in which the parties were found.

■ Present counsel for Trimmer contends that the latter is entitled to judgment against the claimant on his counterclaim for the amount of payments made pursuant to said settlement. There is no merit to such contention. We have said in a case involving similar circumstances: "What plaintiff received from or through his employer resulted from relation; what he seeks from defendant is based on the latter's alleged fault. To the Workmen's Compensation Act, the purpose of which is 'to determine, define and prescribe the relations between employer and employee,' defendant was a stranger. 'An outsider does not share the burdens of an act, imposed upon the employer, and he is entitled to none of its benefits.' *Hotel Equipment Co. v. Liddell,* 32 Ga. App. 590." *Froid v. Knowles,* 95 Colo. 223, 36 P. (2d) 156. Quoted with approval in *King v. Baur Co., supra.*

■ Our workmen's compensation laws "do not concern rights of action by employees against third party tort-feasors, except as to the proper allocation of the amounts recovered under such actions equitably between the employee and the employer." *Drake v. Hodges, supra.*

There being no legal basis for the suit by claimant against Trimmer, the money paid in settlement thereof cannot be allocated in this proceeding.

The judgment of the district court approving the award of the Commission is hereby affirmed.

Mr. Justice Stone dissents from that part of the decision holding that the payments made by Trimmer should not be credited on the amount awarded by the commission.