No. 20649.

Varsity Amusement Company, et al., *v.* Kent Dee Butters, et al.

(394 P.2d 603)

Decided July 27, 1964.

Mr. Harold Clark Thompson, Mr. Alious Rockett, Mr. Francis L. Bury, Mr. Feay Smith, Jr., for plaintiffs in error.

Mr. Clarence W. Button, for defendant in error Kent Dee Butters.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for

defendants in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

WE will refer to the parties as follows: to plaintiff in error Varsity Amusement Company as Varsity; to plaintiff in error State Compensation Insurance Fund as the Fund; to defendant in error Butters as claimant; to defendant in error Industrial Commission as the Commission.

On September 5, 1959, the claimant's right hand was severely injured in an automatic pin setting machine on the premises of Varsity's bowling alley. According to the claimant in his testimony before the Commission, he had been employed by Varsity to assist in the maintenance of its pin setting machines on or about September 3, 1959. Prior to that time he was employed by Varsity to sweep the premises and to shine bowling shoes.

Varsity's "Employer's First Report of Accident" was filed with the Commission on September 24, 1959. On October 2, 1959 the Fund, with whom Varsity was insured under the Workmen's Compensation Act, advised the Commission by letter that it was contesting liability pending completion of an investigation of the accident. By letter dated October 23, 1959, the Fund filed a "Notice of Contest" with the Commission denying liability on the following grounds:

"1. That if the claimant sustained an accident as alleged, which is not admitted, but denied, the alleged accident did not arise out of and in the course of his employment.

"2. That at the time of claimant's alleged accident, he was not performing service arising out of and in the course of his employment.

"3. The claimant's alleged disability is not the result of injury proximately caused by accident arising out of and in the course of his employment."

On March 1, 1960, the Commission received the claimant's "Claim for Compensation" and a letter from the claimant's attorney advising it that a civil action would be filed against Varsity and requesting that the Commission hold in abeyance the question of Varsity's liability under the Workmen's Compensation Act until the civil action had "been finally determined." The Commission complied with this request.

On April 27, 1960, the claimant by his next friend filed a complaint in district court naming Varsity as defendant. The complaint alleged, among other things, that the claimant was lawfully on the premises of Varsity's bowling alley and that Varsity was negligent in causing a safety guard to be removed from the pin setting machine in which the claimant's right hand was injured. Claimant prayed for judgment in the amount of $100,-000.00. In addition to the defenses of contributory negligence, unavoidable accident and assumption of risk, Varsity alleged in its answer that the Workmen's Compensation Act was a full and complete defense to the claimant's complaint.

On June 27, 1961, a pre-trial conference was held at which the parties agreed that a judgment of $5,000.00 should be entered against Varsity, and on that same date judgment was so entered. Thereafter a Certificate of Satisfaction of Judgment was filed.

By letter dated the same day that judgment entered, the claimant's attorney requested the Commission to set the claim previously filed for hearing. A date for hearing was set and prior thereto the Fund filed with the Commission an additional ground for contesting liability, to-wit: that the fact that the claimant was not an employee of Varsity was *res judicata* in that the claimant had filed a civil suit against Varsity and had recovered judgment thereon.

After hearing was had, the referee found that claimant was temporarily and totally disabled from September 5, 1959, to October 1, 1959, and from May 5, 1960, to September 1, 1960, and had sustained permanent partial disability equivalent to 25% loss of use of his right hand as measured at the wrist, and entered an award of compensation to claimant based on these findings. The referee further found that the claimant had no permanent partial disability of his stomach or his foot as a result of skin and tendon grafts which were made necessary in order to repair his hand.

From this order of the referee, the Fund and the claimant both filed their "Application(s) for Review" with the Commission. Briefly stated, the Fund renewed its contention that by recovering judgment in the civil action the claimant was precluded from pursuing his remedy under the Workmen's Compensation Act. The claimant, in his application for review, contended that the referee erred in computing the time for which he was entitled to compensation for temporary total disability; erred in not ordering the full amount of medical expenses; and erred in finding that he had sustained no permanent partial disability of his stomach or his foot as a result of the skin and tendon grafts.

On review, the Commission in its award affirmed and adopted the order of the referee. The Fund filed an "Application for Review" of the award of the Commission. The claimant filed no petition for review of this award. The Commission thereafter entered its supplemental award wherein it affirmed in all particulars its original award, and added the following:

"* * * the Commission further finds that the claimant herein had and recovered Five Thousand Dollars ($5000.00) in a Civil Action separate and apart from the Workmen's Compensation Law and, therefore, is not entitled to any compensation or medical benefits until the claimant's right to such benefit shall exceed the sum of Five Thousand Dollars ($5000.00)."

Both the Fund and the claimant thereafter commenced appeals in the district court for review of the Commission's supplemental award. The two actions were consolidated in the district court and, after hearing, the supplemental award of the Commission was affirmed in all respects.

On this writ of error the Fund urges two points: (1) the claimant made a final and irrevocable election of remedies when judgment was obtained in his civil action against Varsity and (2) since plaintiff obtained said judgment for damages arising out of the same accident, the case was *res judicata* and could not be litigated before the Commission.

The claimant assigns cross error, contending that (1) the Commission was without jurisdiction to take cognizance of the recovery in the civil action; (2) the Commission erred in computing the time for which the claimant was entitled to temporary total disability; (3) the Commission erred in finding that claimant had no permanent partial disability of his stomach and foot as a result of the skin and tendon grafts.

■ We first dispose of the cross errors assigned by the claimant. The claimant filed no petition to the Commission for review of its award. By the express terms of 1960 Perm. Supp., C.R.S. '53, 81-14-6 and C.R.S. '53, 81-14-7, such a petition is a condition precedent to an appeal to the courts. Merely petitioning for a review of the referee's order, as the claimant did in this case, is not sufficient to comply with the statutory mandate. *Geo. W. Condon Co. v. Williams,* 105 Colo. 66, 94 P.2d 713.

We now turn to the points raised by the Fund. We find the Fund's contentions to be without merit.

■ First, claimant was not precluded under the theory of election of remedies from pursuing his claim under the Act. An election of remedies implies that a party has a *choice* of remedies at the time he files his suit. *Bryant v. Kenyon,* 123 Mich. 151, 81 N.W. 1093;

*Utah Idaho Central Ry. Co. v. Industrial Commission of Utah,* 84 Utah 364, 35 P.2d 842.

■ The claimant in the case at bar had no such choice. Under the Workmen's Compensation Act of this state claimant as a covered employee simply had no option to sue his employer at common law for damages in the absence of specific acts of non-compliance with the Act or misconduct on the part of his employer — and this is universally true throughout the United States. See 2 Larson, *Workmen's Compensation Law,* Sec. 67.21, pp. 148, 149.

■■ Many months *prior* to the institution of the civil action by the claimant and his compromise settlement of that suit thereafter, the claimant "elected" to be bound by the terms of the Act and to surrender any common law remedies he might have for injuries sustained within the coverage provided by the Act. The following provisions of the Act are pertinent here:

*"Presumption of employee's acceptance.* — Every employee shall be conclusively presumed to have accepted the provisions of this chapter, if his employer is subject to the provisions of this chapter and has complied with the requirements thereof, including insurance, and, unless said employee has, at the time of or prior to entering into his contract of hire, expressed or implied, with such employer, given notice in writing to his employer and to the commission, electing not to become subject to the provisions of this chapter." *C.R.S. '53, 81-4-3.*

*"Acceptance as surrender of other remedies.* — Such election and compliance with the provisions of this chapter, including the provisions for insurance, shall be, and be construed to be, a surrender by the employer and the employee of their rights to any other method, form or amount of compensation or determination thereof, or to any cause of action, action at law, suit in equity or statutory or common law right or remedy or proceeding whatever for or on account of such personal injuries or death of such employee than as provided in

this chapter, and shall be an acceptance of all the provisions of this chapter, and shall bind the employee himself, and for compensation for his death, shall bind his personal representatives, his widow and next of kin, as well as the employer, and those conducting his business during bankruptcy or insolvency." *C.R.S. '53, 81-4-4.*

The claimant did not reject the Act and from the record as made before the Commission it conclusively appears that the claimant was injured within the scope of his employment with Varsity and that the accident was compensable under the Act. In fact, the Fund does not now contend that the claimant was not injured in an accident arising out of and in the scope of his employment.

By the operation of the Act as provided in the sections above quoted, the claimant's exclusive remedy was to file a claim for compensation under the Act. The Fund, however, expressly invited the claimant to pursue a remedy at common law by contending before the Commission that the claimant was not an employee. The Fund would now penalize him for accepting this invitation even though his action has resulted in the Fund being charged with a lesser liability than it would have been required to pay had he pursued his original course under the Act.

While the precise factual situation presented in the case at bar is unique in this jurisdiction, the case of *Hartford Accident & Indemnity Co. v. Clifton,* 117 Colo. 547, 190 P.2d 909, serves to delineate the fundamental approach which we take here. In *Hartford,* the claimant was a widow who brought suit against a third party upon the erroneous assumption that he was liable for her husband's death, when as a matter of law the third party was constructively a co-employee of the decedent and not liable. A stipulation of settlement was entered into between the parties and the claimant thereafter sought benefits under the Workmen's Compensation Act. The employer contended that the claimant was estopped

from recovering under the Act because of her "election" to sue the third party. In rejecting the employer's contention, this Court pointed out that the claimant had no legal cause of action in the first instance against the third party and that under such circumstances the bringing of the action (and, *a fortiori,* the settlement) did not constitute an election of remedies and that the claimant was not estopped from pursuing her exclusive remedy under the Act. We adopt the *Hartford* rationale as fully applicable to the facts of the instant case. See also *Worthington v. Industrial Commission of Arizona,* 85 Ariz. 310, 338 P.2d 363.

The Fund relies heavily on *Industrial Commission v. Schaefer Realty Co.,* 98 Colo. 445, 56 P.2d 51, as compelling a different result. We do not agree. In that case both sides conceded that when the employer failed to comply with the insurance features of the Act, the employee had the right to proceed, *at his option,* either under the Act or by a common law action for negligence. In *Schaefer* the employee had a choice whereas in the instant case he had but one remedy to pursue.

■ The Fund's second contention with relation to the doctrine of *res judicata* is equally without merit. While the cases are numerous which declare that a judgment entered by agreement of the parties is fully as binding with respect to the issues raised by the pleadings as one rendered after trial on the merits, the rule is not rigid and inflexible. In *United States v. International Building Co.,* 345 U. S. 502, 97 L. Ed. 1182, 73 S. Ct. 807, the following language appears:

"* * * As the case reaches us, we are unable to tell whether the agreement of the parties was based on the merits or on some collateral consideration. Certainly the judgments entered are res judicata of the tax claims for the years 1933, 1938 and 1939, whether or not the basis of the agreements on which they rest reached the merits. But unless we can say that they were an adjudication of the merits, the doctrine of estoppel by judg-

ment would serve an unjust cause: it would become a device by which a decision not shown to be on the merits would forever foreclose inquiry into the merits. Estoppel by judgment includes matters in a second proceeding which were actually presented and determined in an earlier suit. (Citation omitted) A judgment entered with the consent of the parties may involve a determination of questions of fact and law by the court. But unless a showing is made that that was the case, the judgment has no greater dignity, so far as collateral estoppel is concerned, than any judgment entered only as a compromise of the parties."

 The doctrine of *res judicata* owes its existence to a consideration of public policy; namely, that there should be an end to litigation. We are of the view that a judgment entered by agreement or consent does not have a conclusive effect where to give it that effect would render impotent another important public policy. Annotation 2 A.L.R. 2d 514, 520, 532. Certainly the situations in which the doctrine of *res judicata* will yield to considerations of public policy are rare, but the instant case fits into that category. The General Assembly has fixed with indelible clarity the policy of Colorado with respect to the remedy to be pursued when a workman's injuries fall within the coverage of the Workmen's Compensation Act. We decline the Fund's invitation to emasculate that policy.

In the case at bar we are not confronted with a double recovery on the part of the claimant. The Commission in its award credited the amount of the judgment recovered by the claimant in the civil action to Varsity and the Fund. In our view, complete justice has been done here and in accordance with the law.

The judgment is affirmed.