No. 21233.

SHARMAR NURSING HOME *v.* THE INDUSTRIAL COMMISSION OF COLORADO AND KATHRYN LEE MCCONNELL.
(416 P.2d 161)

Decided June 27, 1966.     Rehearing denied August 2, 1966.

LATTIMER and ROBB, for plaintiff in error.

LOUIS J. STUART, for defendant in error, Kathryn Lee McConnell.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error, The Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

THIS review stems from a workmen's compensation award in favor of defendant in error, Mrs. Kathryn Lee McConnell. The district court affirmed the award by the Industrial Commission, and Mrs. McConnell's employer, plaintiff in error, Sharmar Nursing Home, asserts error.

The injury for which compensation was sought occurred on November 29, 1961, when Mrs. McConnell, who was then employed as a practical nurse, was thrown against a door jam and beaten by a patient who had broken free from restraints. The injury was immedi-

ately reported to the employer. Mrs. McConnell was taken home and from there to a hospital, where X rays were made which, on examination, revealed no abnormality. She was hospitalized, however, and for some time remained under the care of various physicians.

Subsequent failure of the injury to improve led to further X rays being taken on May 14, 1962. These later X rays revealed a displaced coccyx, and the Referee and Commission found that this injury resulted from the attack of November 29, 1961.

Following notification of Mrs. McConnell's injury, the nursing home discovered that its workmen's compensation insurance coverage had lapsed and it therefore was in violation of the Workmen's Compensation Act, C.R.S. '53, 81-5-1. This fact was not candidly presented to Mrs. McConnell, who admittedly "received conflicting information." She testified that the nursing home informed her that it had coverage with a private carrier.

Sharmar continued to pay Mrs. McConnell her full wages during the period of her disability. On January 25, 1962, she was reimbursed by the nursing home for her medical expenses to date and at that time executed a release for, as it appeared to her, what was the amount so received plus wages previously paid to her. In form, the release was in fact a full common law release.

With this background we must consider Mrs. McConnell's legal position under the workmen's compensation laws. As this court has construed the Colorado Workmen's Compensation Act since our decision in *Industrial Commission v. Schaefer Realty Co.*, 98 Colo. 445, 56 P.2d 51, Mrs. McConnell had alternative remedies due to the nursing home's noncompliance with the act: she could sue at common law or she could claim workmen's compensation benefits plus a 50% penalty for the noncompliance of her employer. See C.R.S. '53, 81-5-7. Had she elected to pursue one of these remedies, recovery via the other would have been barred. *Industrial Commission v. Schaefer Realty Co., supra.* If the

nursing home had had insurance coverage, Mrs. McConnell would have had no election to make. *Varsity Amusement Co. v. Butters*, 155 Colo. 330, 394 P.2d 603.

Sharmar is now claiming that, because Mrs. McConnell had the above alternatives and, further, because she executed a common law release, she, therefore, by giving up her common law rights, elected against recovering under the Workmen's Compensation Act and so is barred from proceeding under it. The Commission found that no such election had been made, and the district court thought that this finding was supported by sufficient evidence. Sharmar Nursing Home would have us rule that, as a matter of law, what here transpired was an election.

■ The term "election" in the present context connotes a conscious choice between one of two or more distinct and separate alternatives. It applies to a situation where "different remedies are provided for a given wrong upon one and the same set of facts." *Kalish v. Brice*, 136 Colo. 179, 315 P.2d 829.

■■ Using the definition as posed above, we find no warrant in the record for upsetting the finding of the Industrial Commission that Mrs. McConnell made no election. There may well be instances where, as a matter of law, the particular election we are here concerned with has been exercised, but this is not one of them. The determinative question was factual, and we have repeatedly held that the Industrial Commission is the fact-finder in compensation cases and that we will not interpose our factual judgment for its determination in a dispute between the parties.

Having determined the result on the above reasoning, it is unnecessary to consider the further objection raised that this release was prohibited under the terms of C.R.S. '53, 81-13-7, as being without the approval of the Commission.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER concur.