No. 23264.

STATE COMPENSATION INSURANCE FUND *v.* MARY FRANK FOULDS AND INDUSTRIAL COMMISSION OF COLORADO.
(445 P.2d 716)

Decided October 7, 1968.

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., for plaintiff in error.

STANLEY W. PRISNER, for defendant in error Mary Frank Foulds.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THE State Compensation Insurance Fund (referred to hereinafter as the Fund) brings writ of error to a judgment sustaining an award entered by the Industrial Commission of Colorado (referred to hereinafter as the Commission) under the Workmen's Compensation Act. The Commission and Mary Frank Foulds (referred to hereinafter as claimant) are defendants in error.

Claimant's husband, James C. Foulds, Jr. (referred to hereinafter as Foulds), a mechanical engineer, was killed in an airplane crash on October 31, 1962. The pilot of the airplane was Kenneth Stines, who was also killed in the crash. Claimant contended that Stines, an architect, was the employer of her husband at the time of the crash, and that her husband was in the course of his employment when he was killed.

On March 12, 1963, claimant filed a wrongful death

claim against Stines' estate, and, in consideration of a settlement of $4,000, executed a document purporting to release Steel City Flyers, Inc. (the owner of the airplane) and Stines from all claims arising from the accident. After this settlement, claimant filed a claim for compensation under the Workmen's Compensation Act on January 30, 1964, about three months late under the statute. C.R.S. 1963, 81-13-5(2). The Commission entered an award for $12,598.25, less the amount of the settlement.

The Fund contends that the judgment should be set aside because (1) the evidence as a matter of law requires a finding that Foulds was neither an employee nor a subcontractor within the ambit of C.R.S. 1963, 81-9-1; (2) the referee refused to allow the Fund to examine claimant's attorney as to his alleged negligent failure to file her claim on time; and (3) the release bars further proceedings under the Workmen's Compensation Act.

I.

The Fund contends that the evidence heard by the referee requires the conclusion that Foulds' relationship with Stines does not support an award of compensation. This Court has repeatedly held that the factfinder in workmen's compensation cases is the Industrial Commission, whose findings of fact will not be disturbed if supported by the record. See, *e.g., Sharmar Nursing Home v. Industrial Commission,* 160 Colo. 197, 416 P.2d 161.

The Commission's order in the case before us, however, includes no specific findings of fact which justify the entry of the award, or which afford a basis for review by this Court. The Commission makes no findings of fact relative to this case, but merely recites the evidence taken by it. After such a recital, it reaches the conclusion of law that Foulds was killed in an accident arising out of the course of his employment, or that in the alternative he was acting as a subcontractor

of Stines. It is the duty of the Industrial Commission to make specific findings of fact from the evidence adduced, and mere recitals of the evidence taken do not meet that test. See C.R.S. 1963, 81-14-6(2), and *Weaver v. Industrial Commission,* 69 Colo. 507, 194 P. 941.

II.

The Fund argues further that the Commission erred in refusing to permit examination of claimant's attorney as to his alleged negligent failure to file her claim for compensation, and in refusing to allow an offer of proof. We agree.

C.R.S. 1963, 81-13-5(2) sets out certain jurisdictional requirements. An award under the Act is barred unless a claim is filed within one year after the injury, or death resulting from the injury, unless within two years after the injury or death it is established to the satisfaction of the Commission (1) that a reasonable excuse exists for the late filing, and (2) that the employer's rights have not been prejudiced. See *Armour and Company v. Industrial Commission,* 149 Colo. 251, 368 P.2d 798, construing C.R.S. '53, 81-13-5, substantially re-enacted as C.R.S. 1963, 81-13-5.

We are concerned with the first condition of jurisdiction; that is, that a reasonable excuse must exist for failure to file a claim within one year. See C.R.S. 1963, 81-13-5(2), and *State Compensation Insurance Fund v. Stampfel,* 153 Colo. 448, 386 P.2d 582.

In the instant case the claimant has offered her attorney's negligence as a reasonable excuse for filing her claim late. Counsel for the Fund were refused an opportunity to examine the attorney as to his alleged carelessness, or even to make an offer of proof, on the ground that the statutory attorney-client privilege precluded the inquiry.

The Commission clearly erred. By putting her attorney's professional competence in issue, the claimant waived her right to claim the attorney-client privilege with respect to those communications which might be

128

relevant to the attorney's alleged carelessness. See *Browning v. Potter*, 129 Colo. 448, 271 P.2d 418; *Fearnley v. Fearnley*, 44 Colo. 417, 98 P. 819; and *Sholine v. Harris*, 22 Colo. App. 63, 123 P. 330. By refusing to hear the evidence which the Fund sought to introduce, the Commission precluded the Fund from testing the credibility of claimant's testimony.

■ The Fund's contention, however, that as a matter of law the negligence of the claimant's attorney, if any, cannot constitute a reasonable excuse is not well founded. We have often stated that the Commission has a broad discretion in determining whether a justifiable excuse exists within the purview of C.R.S. 1963, 81-13-5(2), after considering all the attendant circumstances. *State Compensation Insurance Fund v. Stampfel, supra.* The Commission's judgment in such instances will not be disturbed except for an abuse of discretion. We cannot say that as a matter of law the evidence offered in behalf of the claimant was not reasonably sufficient to excuse the delay. But since the Commission, as we have pointed out, did not afford a full hearing on this question, the Commission's finding must be set aside.

III.

■ The Fund also takes the position that the release given by the claimant bars any proceedings under the Workmen's Compensation Act. We disagree.

■ At the outset we point out that the Commission ordered that the $4,000 received by the claimant in settlement of her claim be credited against the Fund's liability. Thus we are not confronted with a double recovery. See *Varsity Amusement Company v. Butters*, 155 Colo. 330, 394 P.2d 603.

The document executed by the claimant purports to release both the alleged employer (Stines) and the alleged third-party tortfeasor (Steel City Flyers, Inc.) from further claims arising from the accident.

■ With respect to the release of Stines, if Stines be found to be the employer, either actual or statutory,

this Court has already held that an employee's action against his employer, which resulted in a consent judgment, did not constitute an election of remedies. See *Varsity Amusement Company v. Butters, supra.* We reasoned that since the employee accepted the terms of the Act, his exclusive legal remedy against his employer was under the Act, and therefore he could not make the choice which the doctrine of election of remedies contemplates. See also *Hartford Accident & Indemnity Company v. Clifton,* 117 Colo. 547, 190 P.2d 909, and *Worthington v. Industrial Commission,* 85 Ariz. 310, 338 P.2d 363.

We deem *Liberty Mutual Insurance Company v. Industrial Commission,* 145 Colo. 369, 359 P.2d 4, to be dispositive of the question concerning the release to Steel City Flyers, Inc. In that case we held that an employee's conduct in accepting compensation from his employer's insurance carrier and thereafter commencing an action against alleged third-party tortfeasors which resulted in a settlement and release, did not bar the employee from pursuing a claim under the Act. In reaching the latter conclusion, we construed C.R.S. '53, 81-13-8, whose pertinent provisions are identical to C.R.S. 1963, 81-13-8.

The judgment is reversed and the cause remanded to the district court with directions to remand the same to the Commission for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.