**Richard Stanley BAKER,
Plaintiff-Appellant,**

v.

**REDYSTICK PRODUCTS CO., INC., a
Colorado corporation, Defendant
Third-Party Plaintiff-Appellee,**

v.

**Francis SCOTT and Goetz Insurors, Inc.,
a corporation, Third-Party Defendants.**

No. 83CA0498.

Colorado Court of Appeals,
Div. I.

Dec. 8, 1983.

Allen J. Kincaid & Associates, W. Edward Pabst, Brush, for plaintiff-appellant.

Montgomery, Little, Young, Campbell & McGrew, P.C., William H. ReMine, III, Englewood, for defendant third-party plaintiff-appellee.

PIERCE, Judge.

Plaintiff appeals the dismissal with prejudice of his complaint for negligence arising from an industrial accident. We reverse and remand.

On April 28, 1980, plaintiff was injured while operating a printing press as an employee of defendant. Defendant and plaintiff apparently shared the mistaken belief that defendant had workmen's compensation insurance coverage in force at the time of the accident. Based on this belief, plaintiff filed a workmen's compensation claim, and defendant advanced plaintiff certain amounts for wage benefits and medical bills against plaintiff's anticipated workmen's compensation entitlement. When it became apparent that defendant was not insured on the day of the accident, plaintiff filed suit for damages and moved for dismissal of the workmen's compensation action. The Industrial Commission hearing officer denied plaintiff's motion.

Defendant then moved the trial court for summary judgment on the ground that plaintiff had made an election between his civil and workmen's compensation remedies. The trial court then entered an order dismissing the complaint with prejudice, finding that the Industrial Commission had made a factual determination that plaintiff had elected to pursue his workmen's compensation remedy, and that "such ruling cannot be changed or overruled by this Court." The trial court did not make an independent determination whether an election had been made.

On appeal, plaintiff contends that his filing of a workmen's compensation claim and acceptance of payments from defendant did not constitute an election of remedies since defendant had led plaintiff to believe that defendant was insured at the time of the workmen's compensation filing and acceptance of benefits. Plaintiff contends that he filed the civil action as soon as he became aware that civil relief was an available remedy.

Defendant argues in response that exclusive jurisdiction of the claims arising from the accident vested in the Commission as soon as plaintiff filed a workmen's compensation claim, and that in view of the Industrial Commission's denial of plaintiff's motion to dismiss his workmen's compensation case, the trial court properly declined to address the merits of plaintiff's argument

that no election had been made. We disagree.

The record is devoid of any indication that a final order has been entered in plaintiff's workmen's compensation case. The Industrial Commission's refusal to dismiss was, in itself, a nonappealable interlocutory order, *Hayward v. Majestic Wax Co.,* 170 Colo. 203, 460 P.2d 74 (1969); *Industrial Commission v. Globe Indemnity Co.,* 145 Colo. 453, 358 P.2d 885 (1961); *see 2 F. Cooper, State Administrative Law* 590 (1965), and was entered without a full evidentiary hearing on the merits of the election issue. It was therefore not binding upon the district court. *Restatement (Second) of Judgments* § 13 (1982). Under these circumstances, the trial court had jurisdiction to make an independent determination whether plaintiff had made a valid election to pursue only his workmen's compensation remedy. *Cf. Packaging Corp. of America v. Roberts,* 169 Colo. 316, 455 P.2d 652 (1969).

When an employer has failed to comply with the Workmen's Compensation Act by obtaining insurance coverage, alternative remedies of suit at common law or proceedings under the Workmen's Compensation Act are available to an injured employee. *Sharmar Nursing Home v. Industrial Commission,* 160 Colo. 197, 416 P.2d 161 (1966); § 8–44–107, C.R.S.1973. Election to pursue either of these remedies bars recovery under the other. *Sharmar v. Industrial Commission, supra.*

However, an election requires full awareness by the electing party of his available remedies, *Graybill v. Corlett,* 60 Colo. 551, 154 P. 730 (1916); *see Sharmar Nursing Home v. Industrial Commission, supra;* hence, no election is made if the employer misleads an employee on any matter relevant to the employee's choice of remedy, 2A A. Larson, *Workmen's Compensation* § 67.-36 (1982), even if the employee accepts some compensation benefits. 2A A. Larson, *supra* at § 67.35. Accordingly, plaintiff's allegations created a factual question whether an election of remedies was made, and the trial court erred in declining to address this question.

The judgment is reversed and the cause is remanded for additional findings on (1) whether a final order has been entered by the Industrial Commission, and (2) whether plaintiff made a valid election to pursue his workmen's compensation remedy.

BERMAN and METZGER, JJ., concur.