Marjorie M. COOK, Petitioner,

v.

Henry McLISTER, Elizabeth McLister, The Industrial Claim Appeals Office of the State of Colorado and the Colorado Division of Labor, Respondents.

No. 90CA1813.

Colorado Court of Appeals, Div. V.

Sept. 12, 1991.

Rehearing Denied Oct. 10, 1991.

Thomas D. Hacker, Denver, for petitioner.

Epstein & Lawrence, P.C., James S. Miller, Denver, for respondents Henry McLister and Elizabeth McLister.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jeanne Labuda, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Colo. Div. of Labor.

Opinion by Judge JONES.

Marjorie M. Cook, claimant, seeks review of the final order of the Industrial Claim Appeals Panel which denied her claim for workers' compensation benefits on the ground that she had elected to pursue common law remedies against her uninsured employer by accepting a monetary settlement. Claimant contends that the settlement did not constitute an election to pursue common law remedies and that it was ineffective to waive her workers' compensation rights because it was not approved by the Division of Labor as required by § 8–43–204, C.R.S. (1990 Cum.Supp.). We agree, and set aside the Panel's order.

Claimant suffered injuries arising out of and in the course of her employment as a home health care aide for Henry and Elizabeth McLister. The McListers did not have workers' compensation insurance. Their homeowner's insurance carrier, the Home Insurance Co., offered claimant a $7,309 settlement. Claimant accepted, and signed a document releasing "any and all actions, claims and demands including claims or actions for contribution and/or indemnity of whatever nature...." against the McListers and their insurer. Claimant tes-

tified that she accepted this money for lost wages and that she did not intend to give a full release to her employers or to Home Insurance Company.

Claimant then sought workers' compensation benefits. The Administrative Law Judge (ALJ) concluded that the release was intended to cover all claims including any workers' compensation claim, but was ineffective because it was not approved by the Division as required under § 8–43–204. Implicit in that holding is the ALJ's conclusion that the release did not constitute an election. The Panel reversed, ruling that the release constituted an election to pursue common law remedies rather than a settlement of a workers' compensation claim and that § 8–43–204 was, therefore, inapplicable.

■ When an employer has failed to obtain workers' compensation insurance, an injured employee has alternative remedies and may either bring a common law action or seek workers' compensation benefits. *See* §§ 8–41–102 and 8–43–408, C.R.S. (1990 Cum.Supp.); *Sharmar Nursing Home v. Industrial Commission,* 160 Colo. 197, 416 P.2d 161 (1966).

■ Election to pursue one remedy bars recovery by the other. *Baker v. Redystick Products Co.,* 674 P.2d 1011 (Colo.App. 1983).

■ An election is the conscious choice between distinct and separate alternatives. *Sharmar Nursing Home v. Industrial Commission, supra.* An election of remedies requires full awareness of the available remedies and of the necessity of choosing between them. *See Graybill v. Corlett,* 60 Colo. 551, 154 P. 730 (1916); *Baker v. Redystick Product Co., supra.* Also, there must be a manifestation of intent to elect one of the remedies. 2A A. Larson, *Workmen's Compensation Law* § 67.35 (1990).

Respondents argue that the rubric of *City Market, Inc. v. Industrial Claim Appeals Office,* 800 P.2d 1335 (Colo.App. 1990), and *Oxford Chemicals, Inc. v. Richardson,* 782 P.2d 843 (Colo.App.1989) cannot apply here. In *Oxford,* this court held

that a settlement with an insured employer was ineffective to waive worker's compensation benefits because the settlement had not been approved by the Division of Labor. The *Oxford* holding was followed in *City Market* which involved a self-insured employer. Respondents assert that the cases are distinguishable because in each case, the employer maintained workers' compensation coverage and the negotiations resulted directly in the settlement of workers' compensation claims pursuant to that coverage. They argue that because the employers here did not have coverage, the negotiations were not as to the settlement of workers' compensation claims, but rather reflected claimant's intention to pursue common law remedies and the ultimate resolution of those common law remedies through settlement.

We agree that *City Market* and *Oxford* are factually distinguishable but conclude that they, nevertheless, control this case.

■ Here, the release stated in pertinent part, as follows:

"[Claimant] for the sole consideration of ... [$7,309] ... does release and forever discharge [the McListers and Home Insurance Company] ... of and from any and all actions, claims and demands including claims or actions for contribution and/or indemnity *of whatever nature now existing or which may hereafter arise* out of an accident, casualty or occurrence which happened on or about the 3rd day of May, 1989 at [employers' residence] including any consequences thereof now existing or which may develop, whether or not such consequences are known or anticipated." (emphasis added)

The above language is broad enough to include workers' compensation claims in addition to common law claims and certainly does not specifically exclude workers' compensation claims. *See Cingoranelli v. St. Paul Fire & Marine Insurance Co.,* 658 P.2d 863 (Colo.1983). The release, therefore, does not present a conscious choice between distinct and separate alternatives and, more specifically, does not manifest an intent to elect common law remedies over workers' compensation. Nor does the

**1170**

record establish that claimant had full awareness of the facts necessary for an intelligent choice of remedies.

Furthermore, although there was evidence that claimant knew her employers lacked workers' compensation insurance, there was no evidence that she knew she had alternative remedies as a result of the lack of insurance, or that pursuit of one remedy would bar the other.

■ We conclude that the release did not constitute an election of common law remedies over a workers' compensation claim. It, therefore, purported to settle the workers' compensation claim and was, accordingly, subject to § 8–43–204. Therefore, the Panel erred in its conclusion that claimant made an election since substantial evidence supports the ALJ's implicit finding that no election was made. *See Sharmar Nursing Home v. Industrial Commission, supra; Neodata Services v. Industrial Claim Appeals Office,* 805 P.2d 1180 (Colo. App.1991).

Thus, the ALJ correctly concluded that the release was ineffective in barring claimant's pursuit of workers' compensation claims because it was not approved by the Division. *See City Market, Inc. v. Industrial Claim Appeals Office, supra; Oxford Chemicals, Inc. v. Richardson, supra.*

The order is set aside, and the cause is remanded with directions to reinstate the ALJ's order.

PLANK and NEY, JJ., concur.